Miguel DÍAZ–SEIJO, Plaintiff, Appellant,

v.

Víctor FAJARDO–VÉLEZ; Angel Meléndez–Osorio; Rosa Rodríguez–Cabrera, Edison Sanabria–Lopez; Olga Birriel–Cardona; Yolanda Rodríguez; Awilda Rodríguez; Iris Velia Laguna–Carrasquillo, Defendants, Appellees.

No. 03–2422.

United States Court of Appeals, First Circuit.

Heard Dec. 8, 2004.

Decided Feb. 9, 2005.

---

Gina Ismalia Gutiérrez–Galang with whom Law Offices of Pedro E. Ortiz-Álvarez, P.S.C. was on brief for appellant.

Anabelle Rodríguez, Secretary of Justice, Ivonne Palerm, Deputy Secretary of Justice in Charge of Litigation, Eileen Landron–Guardiola, Eduardo A. Vera–Ramirez, Frederic Chardon–Dubos and Luis A. Rodríguez–Muñoz on brief for appellees.

Before BOUDIN, Chief Judge, SELYA, Circuit Judge, and CYR, Senior Circuit Judge.

BOUDIN, Chief Judge.

On December 8, 1999, Miguel Diaz–Seijo ("Diaz") was dismissed from his job in the legal division of the Puerto Rico Department of Education. Diaz immediately sought administrative review of his termination before the department's personnel board, requesting reinstatement and back pay with accrued interest. In December 2000 he also filed a lawsuit in federal court against department employees—including his supervisor, Yolanda Rodriguez.

Diaz' lawsuit alleged claims under 42 U.S.C. § 1983 (2000) for political discrimi-

nation and violations of his federal due process and equal protection rights, as well as various violations of state law. The complaint attacked not only the dismissal but other conduct attributed to various defendants prior to the dismissal. In May 2002, Diaz settled his administrative claim against the department, receiving reinstatement and back pay including a retroactive promotion to a higher salary grade.

On April 14, 2003, the district court dismissed all of the claims against all of the defendants except Rodriguez; as to her it dismissed certain claims but not the claim of political discrimination based on Diaz' dismissal. Regarding this last claim, Rodriguez had argued *inter alia* that, under res judicata doctrine, the dismissal of the administrative claim based on the settlement barred Diaz' suit. Rodriguez had advanced this argument in a summary judgment motion of February 2003, which Diaz had not opposed. The district court's April 14 decision rejected this defense: it said that the court lacked any evidence that the administrative action had been dismissed with prejudice, and that it could not apply res judicata without such evidence of a final judgment.

Rodriguez filed a motion to reconsider on April 25, 2003, submitting to the court additional documents evidencing the dismissal of Diaz' administrative claim with prejudice. Diaz again failed to file any response. On August 14, 2003, the district court held that res judicata did apply to Diaz' remaining claim against Rodriguez, which it dismissed. Diaz now appeals, seeking review only of the district court's August 14 order dismissing his claim against Rodriguez on res judicata grounds.[1]

Diaz' appellate brief makes a number of plausible arguments as to why the district court was mistaken in accepting a res judicata defense based on the settlement of the administrative proceeding, but having failed to file any opposition in the district court, his arguments are subject at best only to plain error review; this requires not only error, but error that is plain, affects substantial rights, and seriously affects the fairness, integrity or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732–36, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

The federal statute governing the preclusive effect of state court judgments, 28 U.S.C. § 1738 (2000), does not apply to unreviewed administrative findings. *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 109, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991). Common-law res judicata doctrine may still apply in section 1983 actions, depending upon a balancing of factors including the interests involved, the power of the agency to decide the claims, and the adequacy of agency procedures. *Id.* at 109–10. The circuit courts have split over the relationship between state agency actions and subsequent section 1983 suits arising out of the same underlying facts.[2]

Diaz claims—and Rodriguez does not dispute—that the Puerto Rico agency would not have had jurisdiction over his section 1983 claim, and the settlement meant that there were no substantive findings. On the other hand, Rodriguez could argue that the administrative settlement

---

1. Diaz failed to raise any argument about the remaining claims against Rodriguez and her co-defendants in his opening brief to this court; in an October 8, 2004 order we thus held him to have waived any arguments regarding such claims.

2. *See DeSario v. Thomas*, 139 F.3d 80, 86 (2d Cir.1998) (collecting cases), *vacated on other grounds sub nom., Slekis v. Thomas*, 525 U.S. 1098, 119 S.Ct. 864, 142 L.Ed.2d 767 (1999).

was intended to include claims against Department of Education employees. It is possible, although perhaps unlikely based on what we know, that Puerto Rico contract law or even res judicata principles might preclude Diaz from proceeding with his current action in federal court.

 We need not decide these issues. The plain error test is a demanding one; "in this circuit, it is rare indeed for a panel to find plain error in a civil case." *Chestnut v. City of Lowell*, 305 F.3d 18, 20 (1st Cir.2002) (en banc) (per curiam). It is enough in the present case that the dismissal of Diaz' claim against Rodriguez is not remotely a case of manifest injustice. Accordingly, it does not satisfy the fourth prong of *Olano's* plain error test and on this ground we affirm without deciding the res judicata question.

Diaz has already received compensation for his dismissal, including reinstatement and back pay (and a retroactive promotion). Possibly if he prevailed against Rodriguez in her personal capacity for the same dismissal, he could in addition secure punitive damages and attorney's fees; but on these facts their absence is hardly a miscarriage of justice. Indeed, considering that no opposition was filed at all in the district court, further proceedings and especially attorney's fees would themselves be unfair.

*Affirmed.*