# United States Court of Appeals
## For the First Circuit

No. 16-1305

JOHN RIFE,

Plaintiff, Appellant,

v.

ONE WEST BANK, F.S.B.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; INDY MAC MORTGAGE SERVICES; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee/Master Servicer,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Indira Talwani, U.S. District Judge]

Before

Howard, Chief Judge,
Thompson and Kayatta, Circuit Judges.

Gershon Gulko on brief for appellant.
Marissa I. Delinks, Maura K. McKelvey, and Hinshaw & Culbertson, LLP on brief for appellees.

September 29, 2017

**Per Curiam.** In 2015, John Rife filed an 8-count complaint in state court against the servicers, holders, and assignees of his mortgage loan which had been executed in 2006. The pertinent defendants include: One West Bank, F.S.B.; Mortgage Electronic Registration Systems, Inc. (MERS); Indy Mac Mortgage Services; and Deutsche Bank National Trust Company, as trustee/master servicer. The matter was removed to federal court. The district judge dismissed the entirety of Rife's complaint, and Rife now seeks redress from this court. Relevant to the sole appellate issue is count 1, a claim predicated on the Massachusetts Predatory Home Loan Practices Act (PHLPA), Mass. Gen. Laws ch. 183C. Rife makes two narrow arguments before this court: (1) that the judge erred in dismissing count 1 as untimely; and (2) that the judge abused her discretion in dismissing his complaint without leave to amend. We affirm. Because the parties are familiar with the underlying facts that gave rise to this dispute, we jump right into the analysis.

The gist of the lower court's decision to dismiss the chapter 183C claim was quite simple: that claim was filed outside the applicable 5-year statute of limitations, see Mass. Gen. Laws ch. 183C, § 15(b)(1), and, "because the facts underlying Rife's claim that the loan was predatory were contained in the mortgage documents themselves," Rife could not avail himself of any tolling mechanism, equitable or otherwise. Section 15(b)(1) of the PHLPA

- 2 -

provides that "[a] borrower may bring an original action for a violation of this chapter in connection with the loan within 5 years of the closing of a high-cost home mortgage[.]" It is undisputed that the mortgage was executed on May 26, 2006, and that Rife filed his chapter 183C claim on April 28, 2015--outside the 5-year window. Therefore, whether count 1 survives a motion to dismiss depends on whether his claim is subject to tolling. In other words, we must decide if Rife has "'sketch[ed] a factual predicate' that would provide a basis for tolling the statute of limitations." Abdallah v. Bain Capital LLC, 752 F.3d 114, 119 (1st Cir. 2014) (quoting Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008) (internal quotations omitted)). "We review de novo the district court's dismissal of a complaint for failure to state a claim based on statute of limitations grounds." Santana-Castro v. Toledo-Davila, 579 F.3d 109, 113 (1st Cir. 2009).

In his opening brief, while appropriately laying out the law on tolling, Rife completely fails to articulate how the facts in this case support its application. Instead, Rife leaps to a conclusion that "the trial court committed reversible error based upon a finding that the claims . . . were time barred." In his reply brief, however, Rife goes a step further--he claims that the statute of limitations should be tolled until (on or about) January 11, 2013, when he first discovered that an assignment of his

mortgage involving MERS back in 2009 had not been properly signed. It is well-settled that arguments not raised in an opening brief, but instead raised only in a reply, are deemed waived. Sparkle Hill, Inc. v. Interstate Mat Corp., 788 F.3d 25, 29 (1st Cir. 2015). However, assuming that the argument was somehow preserved, it nevertheless lacks merit. In support of his chapter 183C claim Rife alleges that:

> [s]aid Note and Mortgage were the result of predatory lending in that Indy Mac allowed interest-only payments for any period of time; a payment option feature where any one of the payment options was less than the principal and interest fully amortized over the life of the loan; the loan did not require full documentation of income or assets; prepayment penalties that exceeded section 56 of chapter 183 or applicable federal law; the loan was underwritten with a loan-to-value ratio at or above 90 per cent and the ratio of the borrower's debt, including all housing-related and recurring monthly debt to the borrower's income exceeded 38 per cent; or, the loan was underwritten as a component of a loan transaction in which the combined loan-to-value ratio exceeded 95 per cent.

Clearly, the heart of count 1 are the terms contained in the mortgage loan. In Massachusetts, "equitable tolling only applies 'if a plaintiff exercising reasonable diligence could not have discovered information essential to the suit.'" Abdallah, 752 F.3d at 120 (citing Bernier v. Upjohn Co., 144 F.3d 178, 180 (1st Cir. 1998) (citations omitted)). We are not persuaded that the facts of this case render tolling appropriate where the terms of the loan themselves were in Rife's possession in 2006, and where, with the exercise of reasonable diligence, he could have discovered

- 4 -

and initiated his chapter 183C claim within the 5-year window. Moreover, to the extent that Rife alleges unlawful practices outside the terms of the loan themselves (i.e., unlawful assignments and foreclosure proceedings) he makes no argument as to why these actions fall within the purview of the PHLPA--a statute primarily concerned with loan origination and lending terms. See Mass. Gen. Laws ch. 183C. Ultimately, because Rife "knew" or "should have known" about the alleged chapter 183C claim in 2006, we find no reason to toll the applicable statute of limitations. See Tagliente v. Himmer, 949 F.2d 1, 4 (1st Cir. 1991); see also Trans-Spec Truck Serv., Inc., 524 F.3d at 320 ("Where the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to 'sketch a factual predicate' that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate."). Therefore, Rife's chapter 183C claim is time-barred and its dismissal is affirmed.[1]

---

[1] In his reply brief, Rife also argues that his proposed second-amended complaint should "relate back" to a previous complaint he had filed in the Massachusetts Land Court in 2010. However, because Rife did not raise this argument until his reply brief, we deem it waived. See Mills v. U.S. Bank, NA, 753 F.3d 47, 54 (1st Cir. 2014). We also treat as waived Rife's undeveloped argument that the defendants violated Rule 8 of the Federal Rules of Civil Procedure by first raising the affirmative defense of statute of limitations "in a dispositive motion, rather than in a responsive pleading . . . ." See id. (treating as waived "embryonic arguments").

We move on to the motion for leave to amend the complaint, which Rife argues should have been granted before his case was dismissed. The district court denied his motion on the basis that Rife's proposed additions could not "save any cause of action in Rife's [complaint] nor assert a new cause of action that is viable." The district court reasoned that the proposed amendment to count 1 "would be futile," as "Rife's allegations as to why his loan was predatory [did] not save his Chapter 183C cause of action from the applicable 5-year statute of limitations." "Although we ordinarily review a district court's denial of leave to amend for abuse of discretion, we review de novo the district court's determination of futility." Mills v. U.S. Bank, 753 F.3d 47, 54 (1st Cir. 2014) (citations omitted). Rule 15 of the Federal Rules of Civil Procedure allows an amendment to a pleading "once as a matter of course within . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Rule 15 also provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend should be "freely given . . . when justice so requires[,]" id., absent an apparent or declared reason such as "futility of amendment." Foman

- 6 -

v. Davis, 371 U.S. 178, 182 (1962).  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).

Rife argues that because defendants had previously agreed to his request for an extension of time to file a response to the defendant's motion to dismiss, "the Rule 15(a) one-time right to amend [his complaint] should be allowed."  Rife further contends that if he is required to show "good cause" to amend his complaint, he has done so because the proposed amendment has a valid chapter 183C claim against defendants.  We disagree.  Rife's proposed second-amended complaint raises new allegations which go solely to the merits of his predatory loan claim such as additional facts regarding his income at the time the mortgage was executed in 2006.  The proposed amendment does not, however, include any factual allegations that would either plausibly place count 1 inside the 5-year window or support a tolling argument.  The precise avenue of his proposed amendment (as a one-time right or with leave of the court) is immaterial because Rife is unable to dodge the applicable statute of limitations.  Accordingly, we agree with the trial justice's decision to deny Rife leave to amend his complaint because "the complaint, as amended, would fail to state

a claim upon which relief could be granted."  See Glassman, 90 F.3d at 623.[2]

Affirmed.

---

[2] In his reply brief, Rife also argues that his sought-after second amendment to his complaint should have been allowed as any alleged "futility" of such amendment should have been properly tested through a motion to dismiss.  This argument, too, has been waived.  See Mills, 753 F.3d at 54.