# United States Court of Appeals
## For the First Circuit

No. 21-1201

OK RESORTS OF PUERTO RICO, INC.; EXECUTIVE FANTASY HOTEL, INC.; RIVERSIDE RESORT, INC.,

Plaintiffs, Appellants,

v.

CHARLES TAYLOR CONSULTING MEXICO, S.A. DE C.V.; JAMES (JIM) HEIDEN; PIERRE BARRON; UNIVERSAL INSURANCE CO.; VICTOR J. SALGADO-MICHEO; ANA SALGADO-MICHEO,

Defendants, Appellees,

FRANCISCO RODRIGUEZ; EDUARDO MONGE; INTEGRAND ASSURANCE CO.; JOHN DOES 1-4; ABC CORPORATIONS; INSURANCE COMPANIES A-C,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, U.S. District Judge]

Before

Lynch and Kayatta, Circuit Judges,
and Woodlock,* District Judge.

David Efron and Law Offices of David Efron, P.C. on brief for appellants.
Luis R. Ramos-Cartagena, Natalia E. del Nido-Rodríguez, and Castillas, Santiago & Torres, LLC on brief for appellee Universal

---

* Of the District of Massachusetts, sitting by designation.

Insurance Co.

Margarita Rosado-Toledo, Francisco J. Colón-Pagán, and Colón & Colón, P.S.C. on brief for appellees Charles Taylor Consulting Mexico, S.A. de C.V., Pierre Barron, and James Heiden.

————————————

March 25, 2022

————————————

**LYNCH**, **Circuit Judge**.  This is an appeal from the grant of motions to dismiss filed by defendants Charles Taylor Consulting Mexico, S.A. de C.V., James Heiden, and Pierre Barron (collectively, "Charles Taylor") and Universal Insurance Co.[1] for failure to state a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO"), and Puerto Rico law.  Plaintiffs OK Resorts of Puerto Rico, Inc., Executive Fantasy Hotel, Inc., and Riverside Resort, Inc. (collectively, "OK Resorts") do not mount a challenge as to the merits of dismissal, but only as to its timing.

The motions to dismiss were fully briefed by June 2020. OK Resorts sought to depose certain defendants and their employees as the motions were pending, citing New England Data Services, Inc. v. Becher, 829 F.2d 286 (1st Cir. 1987),[2] and asked that the court hold the dispositive motions in abeyance while OK Resorts did so.  On July 1, 2020, the district court permitted OK Resorts to conduct the depositions as requested but denied its request to hold the motions in abeyance.  The parties thereafter submitted to

---

[1]     None of the other named defendants have participated in this appeal.

[2]     In Becher, this court held that a district court considering a motion to dismiss for failure to state a RICO claim should, "[i]n an appropriate case," permit a plaintiff to conduct limited discovery to develop an insufficiently pleaded claim and to amend the complaint.  829 F.2d at 290.  This has been referred to as "Becher discovery."

the court an agreed-upon discovery schedule, which the court embodied in an order on August 31, 2020. The agreement set a deposition deadline of November 6, 2020. Neither order specifically ruled that OK Resorts was entitled to Becher discovery, but by agreement, OK Resorts got it anyway.

OK Resorts moved, on September 1, 2020, for reconsideration of the district court's denial of its request to hold in abeyance the dispositive motions, stating that the final deposition was not scheduled until November 6. The district court again denied the request. The court did not rule on the motions to dismiss until January 29, 2021, after the agreed-upon discovery deadline passed and after OK Resorts took four depositions.

OK Resorts did not inform the court of any discovery delays in that time and did not file with the court a supplemental opposition to the motions to dismiss or a proposed second amended complaint with what it learned in discovery. The district court's opinion and order granting defendants' motions to dismiss was entered nearly seven months after the court first granted OK Resorts' discovery request, more than five months after the court approved the discovery schedule, and two-and-a-half months after the last deposition was scheduled to be taken. We affirm.

I.

Our review of a district court's case management decisions, such as whether to stay a case, is for abuse of

- 4 -

discretion.  See Vallejo v. Santini-Padilla, 607 F.3d 1, 8 (1st Cir. 2010); Microfin., Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004).

OK Resorts argues the district court erred in the following respects: 1) by not allowing OK Resorts to complete Becher discovery, 2) by not holding the dispositive motions in abeyance until after the approved discovery was conducted, 3) by not allowing OK Resorts to supplement either its opposition to dismissal or its amended complaint, and 4) by not warning OK Resorts before issuing its opinion and order.  OK Resorts' argument essentially is that the district court abused its discretion in dismissing the amended complaint at the time the court did.  This argument lacks merit.

There was no abuse of discretion by the district court. After the defendants' motions to dismiss were fully briefed, the district court permitted OK Resorts to conduct depositions and approved the proposed discovery schedule.  That schedule, agreed to by the parties, provided that all depositions were to be completed by November 6, 2020.  OK Resorts submitted no supplemental filings during that time.  Nor did the district court make any rulings on the motions to dismiss.  The district court waited until January 29, 2021 to enter its opinion and order dismissing the case, i.e., more than seven months after the motions

to dismiss were fully briefed and two months after the date by which the parties agreed to complete discovery.

OK Resorts states it was treated unfairly. It was not. OK Resorts was given several months to conduct discovery and to supplement its opposition or to move for leave to amend its complaint. OK Resorts deposed four witnesses in that time. Despite knowing that motions to dismiss were pending -- and had been for many months -- OK Resorts failed to inform the court of any delays interfering with the discovery deadline and failed to move to supplement or amend its pleadings with what it learned in discovery about the defendants. OK Resorts seems to argue the onus was on the district court to ask the parties for permission before issuing its opinion and order, but this plainly is incorrect. The district court is not to blame for OK Resorts' failures. See Fernández-Salicrup v. Figueroa-Sancha, 790 F.3d 312, 321 (1st Cir. 2015) ("[A] litigant[]'s failure to comply with their own self-imposed deadlines weigh[s] heavily against them.").[3]

II.

Affirmed. Costs are awarded to defendants/appellees.

---

[3] It is not necessary to address the merits of the dismissal, as appellants fail to challenge the merits in their opening brief, rendering any such argument waived. See Sparkle Hill, Inc. v. Interstate Mat Corp., 788 F.3d 25, 29 (1st Cir. 2015) ("Our precedent is clear: we do not consider arguments for reversing a decision of a district court when the argument is not raised in a party's opening brief.").