# United States Court of Appeals
## For the First Circuit

No. 06-2353

ERNESTO DÁVILA,

Plaintiff, Appellant,

v.

CORPORACIÓN DE PUERTO RICO PARA LA DIFUSIÓN PÚBLICA,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Raymond L. Acosta, Senior U.S. District Judge]

Before

Lynch, Circuit Judge,
Selya, Senior Circuit Judge,
and Lipez, Circuit Judge.

Eli B. Arroyo on brief for appellant.
Juan M. Frontera-Suau on brief for appellee.

August 7, 2007

**SELYA**, **Senior Circuit Judge**.  In this age discrimination case, plaintiff-appellant Ernesto Dávila challenges the entry of summary judgment in favor of his former employer, defendant-appellee Corporación de Puerto Rico para la Difusión Pública (the Station).  Discerning no reversible error, we affirm.

## I.   BACKGROUND

The critical facts are uncomplicated.  The Station is Puerto Rico's public broadcasting outlet.  On August 1, 2000, it hired the appellant as a temporary worker in its engineering department.  One month later, the appellant received an appointment as chief engineer, subject, however, to an explicit 10-month probationary period.  During that interval, the appellant was to be trained in the duties of the position and periodically evaluated.

Evaluations were conducted on three occasions during the probationary period: in December 2000, March 2001, and May 2001. These reviews, composed by the Station's director of engineering, Jorge E. González-Fonseca, were generally unfavorable.  According to González-Fonseca, the appellant lacked a working knowledge of the Station's equipment, neglected to complete his assigned tasks in a timely manner, and proved to be in constant need of instruction.

Relying on these negative evaluations, the Station's president, Linda Hernández, chose not to extend a permanent

appointment to the appellant and, instead, terminated his employment at the end of the probationary period.

The appellant sued, asserting that the Station had discriminated against him because of his age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, and Puerto Rico's anti-discrimination statute, P.R. Laws Ann. tit. 29, § 146 (Law 100). He claimed in substance that he was terminated solely because González-Fonseca thought he was too old for the job. The Station denied the pivotal allegations of the complaint.

At the conclusion of discovery, the Station moved for summary judgment. See Fed. R. Civ. P. 56. The district court granted the motion over the appellant's objection, concluding that there was no probative evidence of discriminatory animus. Dávila v. Corporación de P.R. para la Difusión Pública, Civ. No. 04-2002, 2006 WL 2092570 (D.P.R. July 26, 2006). As an alternative ground, the district court ruled that the Station was immune from the appellant's claims for damages. See U.S. Const. amend. XI. This timely appeal ensued.

## II. DISCUSSION

We subdivide our analysis into several segments. First, we briefly limn the standard of review and, relatedly, the summary judgment standard. Next, we deal with an evidentiary question concerning certain untranslated Spanish-language documents. Third,

we explain why we eschew any inquiry into the question of Eleventh Amendment immunity.  When these preliminaries have been completed, we turn to the merits of the discrimination claims.

### A.  Standards.

We review a district court's entry of summary judgment de novo.  See Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006).  Like the district court, we must take the facts of record in the light most flattering to the nonmovant (here, the appellant) and draw all reasonable inferences in that party's favor.  See id.

The object of summary judgment is "to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required."  Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 7 (1st Cir. 2004) (quoting Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992)).  Thus, summary judgment is appropriate only when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

For this purpose, an issue is genuine if "a reasonable jury could resolve the point in favor of the nonmoving party." Suárez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir. 2000).  By like token, a fact is material if it has the potential to determine the outcome of the litigation.  See Calvi v. Knox County, 470 F.3d 422, 426 (1st Cir. 2006).  Where, as here, the nonmovant has the

-4-

burden of proof and the evidence on one or more of the critical issues in the case "is . . . not significantly probative, summary judgment may be granted." Acosta, 386 F.3d at 8 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

### B. **Spanish-Language Documents**.

We next address a threshold matter. In support of its motion for summary judgment, the Station submitted an array of papers. These included several Spanish-language documents unaccompanied by corresponding English translations. Submission of these documents contravened a local rule requiring all litigation papers to be submitted in English. See D.P.R.R. 10(b). The district court granted the Station leave to file these Spanish-language writings but ordered certified translations to be furnished within one month's time. The Station failed to comply.

More than two months after ordering the filing of translations, the district court entered summary judgment for the Station. Dávila, 2006 WL 2092570, at *7. In its decision, the court did not allude to the missing translations. The appellant contends that the rendering of summary judgment with the untranslated documents in the record constituted reversible error.

"It is well settled that federal litigation in Puerto Rico [must] be conducted in English." González-De-Blasini v. Family Dep't, 377 F.3d 81, 88 (1st Cir. 2004) (citation and internal quotation marks omitted); see 48 U.S.C. § 864 (requiring

-5-

that "all pleadings and proceedings in the United States District Court for the District of Puerto Rico . . . be conducted in the English language"). When a district court accepts foreign-language documents without the required English translations, an appellate court cannot consider the untranslated documents on appeal. See Estades-Negroni v. Assocs. Corp. of N. Am., 359 F.3d 1, 2-3 (1st Cir. 2004); Fed. R. App. P. 10. Where the record shows that English translations were used in the trial court but somehow were not put into the record as they should have been, the parties may invoke Fed. R. App. P. 10 to correct the record. See, e.g., United States v. Vazquez Guadalupe, 407 F.3d 492, 498 (1st Cir. 2005). That is not the situation here. If the untranslated documents are or may be essential to the resolution of an issue raised on appeal, and are not subject to cure by means of Fed. R. App. P. 10, the lack of translation may undermine meaningful appellate review. United States v. Rivera-Rosario, 300 F.3d 1, 10 (1st Cir. 2002).

The documents in question here, translations of which have been made available on appeal, consist of the appellant's performance evaluations, letters from the Station's president notifying him of his appointment and termination respectively, and excerpts from his deposition testimony. It is crystal clear that none of these documents bear on any of the issues that the court found dispositive in adjudicating the summary judgment motion. In any event, in addition to the untranslated documents, the Station

-6-

submitted other documents with its motion for summary judgment. These included a sworn statement, in English, from Nancy Piñero, the director of the Station's legal division. In that statement, Piñero summarized the contents of the appellant's personnel file, including the three performance reviews. Whatever additional information might exist in the untranslated documents is wholly extraneous and, therefore, inconsequential to the district court's resolution of the matter. In short, the existence of the Piñero statement makes it readily evident that nothing contained in the documents had any bearing on the district court's ratio decidendi.

That ends this aspect of the matter. Because the untranslated documents had no potential to affect the disposition of the case at the summary judgment stage, we conclude that the mere presence of the untranslated documents in the district court record cannot support a claim of reversible error. See González-De-Blasini, 377 F.3d at 89.

### C. **Eleventh Amendment Immunity**.

The district court found, as an alternate ground of decision, that the Station enjoys Eleventh Amendment immunity. The appellant not only disputes that finding but also advances a claim of waiver.

This contretemps might easily be mistaken as a threshold issue. After all, the Eleventh Amendment has been described as implicating subject-matter jurisdiction. See, e.g., Wis. Dep't of

<u>Corr.</u> v. <u>Schacht</u>, 524 U.S. 381, 394 (1998) (Kennedy, J., concurring). This is potentially important because, in many instances, colorable challenges to a court's subject-matter jurisdiction must be adjudicated prior to adjudicating the merits of a case. <u>See</u> <u>Steel Co.</u> v. <u>Citizens for a Better Env't</u>, 523 U.S. 83, 93-95 (1998).

Here, however, controlling circuit precedent allows us to defer thorny Eleventh Amendment questions in cases in which it is perfectly clear that the state entity will prevail on the merits.[1] <u>See</u> <u>Parella</u> v. <u>Ret. Bd. of R.I. Employees' Ret. Sys.</u>, 173 F.3d 46, 53-57 (1st Cir. 1999). This is such a case. Consequently, we avail ourselves of this bypass option and proceed directly to the merits of the appellant's claims.

### D. **The Merits**.

The appellant seeks to recover on three causes of action. First, he claims that the Station violated his procedural due process rights in failing to provide him with notice and a hearing prior to his discharge. Second, he claims that his ouster was predicated on age and, thus, violated the ADEA. Third, he recasts his federal age discrimination claim in the idiom of Law 100. We deal with each cause of action in turn.

---

[1] For purposes of the Eleventh Amendment, Puerto Rico is the functional equivalent of a state. <u>See</u> <u>Espinal-Dominguez</u> v. <u>Puerto Rico</u>, 352 F.3d 490, 494 (1st Cir. 2003).

1. **Due Process**. The appellant asserts, for the first time on appeal, that the Station abridged his procedural due process rights by failing to grant him notice and an opportunity to be heard prior to cashiering him. Although he concedes that a probationary employee has no such rights, see, e.g., Somers v. City of Minneapolis, 245 F.3d 782, 785 (8th Cir. 2001), he posits that he had moved from probationary status to career status before the ax fell.

The appellant bases this proposition on a statute that provides in pertinent part that a probatory work contract "in no case shall exceed three (3) months." P.R. Laws Ann. tit. 29, § 185(h). The statute further declares that, "should the employee continue to work for the employer after the term established in the probatory work contract, said employee shall acquire all the rights of an employee." Id. The appellant takes this to mean that the 10-month probationary period to which he subscribed was illegal and that he attained the status of a permanent employee after occupying the chief engineer position for three months and one day.

This is an interesting argument, but it comes as an afterthought. The appellant did not present it to the district court. The argument is, therefore, forfeited.[2] See United States

---

[2]The Station argues that the appellant waived this argument by not raising it before the district court. We do not agree. A party waives a right only if he intentionally relinquishes or abandons it; he forfeits a right by failing to assert it in a timely manner. See United States v. Olano, 507 U.S. 725, 733

v. <u>Leahy</u>, 473 F.3d 401, 409-10 (1st Cir. 2007).  We review forfeited issues for plain error.  <u>See</u> <u>id.</u> at 410.  Plain error review is not appellant-friendly; we will resuscitate a forfeited argument only if the appellant demonstrates that "(1) an error occurred (2) which was clear or obvious and which not only (3) affected the [appellant's] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of the judicial proceedings."  <u>United States</u> v. <u>Duarte</u>, 246 F.3d 56, 60 (1st Cir. 2001).  As we explain below, the appellant in this case cannot satisfy this exacting standard.

The Station was created by statute as an independent public service corporation.  <u>See</u> Public Broadcasting Corporation, P.R. Laws Ann. tit. 27, §§ 501-513.  Pursuant to this statutory scheme, the Station is authorized to "adopt, amend and repeal regulations to govern its affairs and activities."  <u>Id.</u> § 504(3). It is also authorized to "appoint and contract . . . employees . . . in accordance with the personnel regulations that are promulgated."  <u>Id.</u> § 504(11).

Exercising these powers, the Station promulgated a comprehensive set of regulations.  <u>See</u> P.R. Reg. No. 5468 (July 13, 1995).  Pertinently, one of those regulations provides that the

--------

(1993); <u>United States</u> v. <u>Rodriguez</u>, 311 F.3d 435, 437 (1st Cir. 2002).  Because the argument in question was not identified in any form or fashion below, the appellant could not be said, on this record, to have intentionally abandoned it.

duration of a probationary work period for a Station recruit can be between three months and one year. See id. § 8.9(2).

This regulation, which validates the 10-month probationary period contained in the appellant's contract, arguably conflicts with section 185(h) in that it purports to allow probationary periods longer than three months. The question, then, reduces to whether the Puerto Rico legislature intended the general statute — section 185(h) — to restrict the latitude that it gave to the Station in an entity-specific statute. There is no controlling case law to guide us on how to navigate our way through such a conflict. As a result, the answer to the nuanced question that the appellant's argument poses is not immediately obvious.

That is game, set, and match. The lack of any clear, easily determinable answer to a legal conundrum is, in itself, enough to defeat a claim of plain error. See United States v. Cordoza-Estrada, 385 F.3d 56, 60 (1st Cir. 2004). Accordingly, we reject the appellant's procedural due process claim.

2. **ADEA**. The ADEA makes it unlawful for an employer to "discharge any individual or otherwise discriminate against any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1); see Suárez, 229 F.3d at 53. The appellant alleges that his discharge transgressed this proscription.

When an employee claims to have been discharged in violation of the ADEA, he must shoulder the ultimate "burden of

proving that his years were the determinative factor in his discharge, that is, that he would not have been fired but for his age." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 823 (1st Cir. 1991) (quoting Freeman v. Package Mach. Co., 865 F.2d 1331, 1335 (1st Cir. 1988)). The Supreme Court has developed a burden-shifting framework to facilitate the process of proving discrimination in the absence of direct evidence. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973), see also Sanchez v. P.R. Oil Co., 37 F.3d 712, 718-20 (1st Cir. 1994) (applying that framework in an ADEA case).

The initial burden lies with the plaintiff to demonstrate a prima facie case of discrimination. See, e.g., Velázquez-Fernández v. NCE Foods, Inc., 476 F.3d 6, 11 (1st Cir. 2007). To satisfy this burden, the plaintiff must produce evidence showing four facts: (i) that he was at least forty years old when shown the door; (ii) that his job performance met or exceeded the employer's legitimate expectations; (iii) that his employer actually or constructively discharged him; and (iv) that his employer had a continuing need for the services he formerly furnished. See id.; Suárez, 229 F.3d at 53.

Here, the first, third, and fourth prongs of the appellant's prima facie case are not in dispute. The Station acknowledges that the appellant was in the protected age group on May 31, 2000; it admits that it terminated his employment on that

date; and it concedes that it hired a replacement upon the appellant's departure. There is a substantial question as to whether the appellant has satisfied the second element but we assume for the sake of argument that he has made the requisite showing.

Once a plaintiff establishes a prima facie case, a presumption of discrimination arises and the burden of production shifts to the employer to proffer a legitimate, nondiscriminatory reason for the discharge. See Rivera-Aponte v. Rest. Metro. #3, Inc., 338 F.3d 9, 11 (1st Cir. 2003). The employer's burden is not a burden of persuasion; the employer need do no more than articulate a reason which, on its face, would justify a conclusion that the plaintiff was let go for a nondiscriminatory motive. See Sanchez, 37 F.3d at 720; Mesnick, 950 F.2d at 823.

In this instance, the Station asserted, through the sworn statement of Piñero, that the appellant was terminated because of poor work performance during his probationary stint. This statement, by itself, provides sufficient basis for the district court's conclusion that the Station articulated a nondisciminatory motive for the appellant's discharge. See Douglas v. J.C. Penney Co., Inc., 474 F.3d 10, 14 (1st Cir. 2007); Woodman v. Haemonetics Corp., 51 F.3d 1087, 1092 (1st Cir. 1995).

When, as in this case, the employer produces a facially adequate explanation for the discharge, the presumption of

discrimination created by the plaintiff's prima facie case disappears from view. See Ramírez Rodríguez v. Boehringer Ingelheim Pharm., Inc., 425 F.3d 67, 78 (1st Cir. 2005). At that juncture, the burden reverts to the plaintiff, who must show that the "reason given by the employer for the discharge is pretextual, and, moreover, that it is pretext for age discrimination." Sanchez, 37 F.3d at 720. In other words, the bottom-line question of discrimination vel non comes front and center. See Ramírez Rodríguez, 425 F.3d at 78; Zapata-Matos v. Reckitt & Colman, Inc., 277 F.3d 40, 45 (1st Cir. 2002). At summary judgment, this question reduces to whether or not the plaintiff has adduced minimally sufficient evidence to permit a reasonable factfinder to conclude that he was fired because of his age. See Ramírez Rodríguez, 425 F.3d at 78; Zapata-Matos, 277 F.3d at 45.

Here, the appellant endeavors to carry this burden by showing that the Station's proffered reason was a pretext and that he was actually cashiered because of his age. His efforts take two forms. First, he tries to discredit his negative performance evaluations. Second, he cites office gossip as a basis for concluding that the Station wanted to get rid of him because of his age. Neither offering bears fruit.

The appellant's claim that his work performance was unfairly evaluated rests on three supporting allegations: that he was not given adequate training; that the reviews were an

-14-

inaccurate reflection of his performance; and that González-Fonseca was unqualified to compile the reviews because he did not hold an engineering license. This is whistling past the graveyard. These allegations, even if true, would indicate no more than that the appellant's dismissal was unfair or unwise; they would not indicate age discrimination. We explain briefly.

When assessing a claim of pretext in an employment discrimination case, a court's focus is necessarily on the motivations and perceptions of the decisionmaker. Mesnick, 950 F.2d at 824. Thus, as long as the Station believed that the appellant's performance was not up to snuff — and the appellant has presented no evidence suggesting that management thought otherwise — it is not our province to second-guess a decision to fire him as a poor performer.[3] That is true regardless of whether, to an objective observer, the decision would seem wise or foolish, correct or incorrect, sound or arbitrary. See Velázquez-Fernández, 476 F.3d at 12; see also Mesnick, 950 F.2d at 825 (explaining that "courts may not sit as super personnel departments, assessing the merits . . . of employers' nondiscriminatory business decisions"). For a quondam employee to withstand summary judgment in an age discrimination case, there must be some significantly probative

_____

[3]There is no evidence that management relied on biased information from an employee who demonstrably possessed a discriminatory animus. See Cariglia v. Hertz Equip. Rental Corp. 363 F.3d 77, 85-88 (1st Cir. 2004).

evidence from which the factfinder can infer that the employer discharged the employee because of his age.  See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 146-47 (2000). Proof of pretext may give rise to such an inference; proof of a mistaken judgment does not.

This brings us to the appellant's other evidence of age discrimination: his own affidavit, in which he asserted that several unidentified co-workers had told him that González-Fonseca believed that he (the appellant) "was too old to hold the position of Chief Engineer."

The district court refused to give weight to this statement, and so do we.  The appellant offered the statement to prove the truth of the matter asserted; that is, that González-Fonseca believed the appellant was too old for the job.  But the appellant had no personal knowledge of any conversations between González-Fonseca and his co-workers, and none of the co-workers signed an affidavit or gave a deposition in which the contents of any such conversations were disclosed. Consequently, the statement was hearsay.  See Fed. R. Evid. 801(c).  It is black-letter law that hearsay evidence cannot be considered on summary judgment. See Vazquez v. Lopez-Rosario, 134 F.3d 28, 33 (1st Cir. 1998); Garside v. Osco Drug, Inc., 895 F.2d 46, 49 (1st Cir. 1990); see also Fed. R. Civ. P. 56(e).

In an effort to salvage this evidence, the appellant labors to persuade us that the crucial statement is excluded from the operation of the hearsay rule by either the exception for party-opponent admissions or the exception for present sense impressions. We are not convinced.

For a statement to qualify as an admission by a party-opponent, the statement must be made by a party, a person authorized by the party to make statements on its behalf concerning the subject, or the party's agent or servant acting within the scope of his or her agency or employment. See Fed. R. Evid. 801(d)(2); see also McDonough v. City of Quincy, 452 F.3d 8, 21 (1st Cir. 2006). While González-Fonseca would fit within this taxonomy, he did not make the statement in question to the appellant; rather, he is alleged to have made it to some unidentified co-workers. Thus, unless these co-workers were of sufficient stature to bind the Station, the statement is clearly inadmissible as a mere third-party account of what González-Fonseca is alleged to have said.

The appellant cannot clear this hurdle. He did not identify his sources and, without that information, there is no reliable way to tell whether they fit within any of the Rule 801(d)(2) categories. Therefore, the statement was not admissible on this basis. See Orta-Castro v. Merck, Sharp & Dohme Química P.R., Inc., 447 F.3d 105, 114 (1st Cir. 2006); see also Lopez-

Rosario, 134 F.3d at 35 (finding no abuse of discretion in exclusion of hearsay statement absent any evidence that the person who related the statement had authority to speak for the employer).

Alternatively, the appellant hawks the exception for present sense impressions. Under this exception, a statement is not hearsay if it describes or explains an event and is made either while the declarant is perceiving the event or immediately thereafter, such that the contemporaneity of the event and the statement negate the possibility of deliberate falsification. See Fed. R. Evid. 803(1) & advisory committee's note. The appellant has offered no facts regarding the temporal relationship between González-Fonseca's alleged comment and the co-workers' revelations of what ostensibly was said. The appellant's account of the co-workers' disclosures is thus rank hearsay and, as such, inappropriate for consideration on summary judgment. See Lopez-Rosario, 134 F.3d at 33.

That ends this aspect of the matter. Without González-Fonseca's supposed statement, there is nothing in the summary judgment record from which a reasonable factfinder could conclude that the appellant was dismissed because of his age. Consequently, summary judgment was appropriate in regard to the ADEA claim.

3. **Law 100**. The appellant's attempt to secure relief under Law 100 need not detain us. As said, Law 100 is the Puerto Rico anti-discrimination statute. As applied to age

discrimination, it differs from the ADEA only with respect to how the burden-shifting framework operates.[4]  See Cardona Jimenez v. Bancomerico de P.R., 174 F.3d 36, 42 (1st Cir. 1999).

We need not wax longiloquent.  On the merits, age discrimination claims asserted under the ADEA and under Law 100 are coterminous.  See Gonzalez v. El Dia 304 F.3d 63, 73 (1st Cir. 2002).  That being so, it suffices to reiterate that the appellant adduced no significantly probative evidence that his discharge was motivated by age.  Accordingly, the district court appropriately entered summary judgment for the Station on the Law 100 claim.  See id.

## III.  CONCLUSION

We need go no further.  For the reasons elucidated above, we reject the instant appeal.

**Affirmed.**

---

[4]Because the plaintiff has adduced absolutely no evidence that his firing was predicated on age, the differences between how Law 100 and the ADEA distribute the burdens of proof are immaterial to our analysis.  Thus, we need not discuss them here.  See Am. Airlines, Inc. v. Cardoza-Rodriquez, 133 F.3d 111, 125 (1st Cir. 1998).