Lama v. Barr

BIA
Poczter, IJ
A205 621 461

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand twenty.

PRESENT:
        JON O. NEWMAN,
        BARRINGTON D. PARKER,
        MICHAEL H. PARK,
            *Circuit Judges.*
_____

CHHIRING LAMA,
        *Petitioner,*

        v.                                      18-2443
                                                NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Dilli Raj Bhatta, Bhatta Law & Associates, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney General; Claire L. Workman, Senior Litigation Counsel; John F. Stanton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chhiring Lama, a native and citizen of Nepal, seeks review of a July 24, 2018, decision of the BIA affirming a July 26, 2017, decision of an Immigration Judge ("IJ") denying Lama's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chhiring Lama,* No. A 205 621 461 (B.I.A. July 24, 2018), *aff'g* No. A 205 621 461 (Immig. Ct. N.Y. City July 26, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010).

To establish eligibility for asylum, Lama was required to show that she suffered past persecution, or that she has a well-founded fear of future persecution, on account of her race, religion, nationality, membership in a particular

2

social group, or political opinion. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i). When a petitioner establishes past persecution, there is a presumption of a well-founded fear of future persecution on the basis of the petitioner's original claim. 8 C.F.R. § 1208.13(b)(1). The presumption of a well-founded fear of persecution may be rebutted if the Government shows, by a "preponderance of the evidence," that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution." 8 C.F.R. § 1208.13(b)(1)(i), (ii); *see also Lecaj*, 616 F.3d at 115. The agency reasonably concluded that, even assuming Lama was credible and had suffered past persecution, any presumption of a well-founded fear of future persecution had been rebutted.

The agency considered the State Department's Human Rights Reports on Nepal as well as Lama's evidence and reasonably found as follows. The 10-year armed conflict between the Maoist insurgency and the government of Nepal ended in 2006 when Maoists signed a peace accord and joined the government. A breakaway Maoist faction committed some acts of political violence and intimidation during the 2013 elections, but the elections were fair and free of irregularities. Maoists

3

purportedly beat Lama's grandmother for her political canvasing in the 2013 elections. By 2015, the government had promulgated a constitution, which caused political unrest among an ethnic minority group in the Terai region of Nepal.

A comparison of the State Department's Human Rights Reports for 2011, which was when Lama was attacked by Maoists, and 2016, shows the extent to which conditions improved. The 2011 report states that Maoists committed acts of violence and extortion throughout the year, although the number of such incidents had markedly decreased from previous years. By comparison, the 2016 report does not report that Maoists committed any such acts during the year. Therefore, the country conditions evidence supports the agency's finding that there has been a fundamental change in circumstances since the Maoists assaulted Lama in 2011. *See Lecaj*, 616 F.3d at 115–16.

Accordingly, the agency did not err in concluding that circumstances in Nepal had fundamentally changed such that Lama does not have a well-founded fear of political persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A), (ii); *see also Lecaj*, 616 F.3d at 116–19. Because Lama does not have a well-founded fear of persecution, the agency did not err in

4

denying asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

The agency also did not err in finding that Lama did not establish her eligibility for humanitarian asylum. "[I]f [an] alien 'has demonstrated compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution,' [s]he is still eligible for asylum even though [s]he does not have a well-founded fear of future persecution." *Jalloh v. Gonzales*, 498 F.3d 148, 151 (2d Cir. 2007) (quoting 8 C.F.R. § 1208.13(b)(1)(iii)(A)). To merit a grant of humanitarian asylum, an applicant "must establish both 'the severe harm and the long-lasting effects of that harm.'" *Id.* at 151 (quoting *In re N-M-A-*, 22 I. & N. Dec. 312, 326 (B.I.A. 1998)). Because Lama did not assert that she suffered any "long-lasting physical or mental effects" from the harm she suffered in Nepal, the agency did not err in her humanitarian asylum. *Id.* at 152.

We do not reach the BIA's decision insofar as it declined to remand for consideration of new evidence because Lama does

not challenge that ruling. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (finding abandoned issues and claims not raised in opening brief).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court