Guzman Alejo v. Garland

BIA
Kolbe, IJ
A098 669 637

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand twenty-one.

PRESENT:
DEBRA ANN LIVINGSTON,
*Chief Judge,*
RICHARD C. WESLEY,
WILLIAM J. NARDINI,
*Circuit Judges.*

_____

MAURILIO GUZMAN ALEJO, AKA
MAURILLIO GUZMAN ALEJO,
*Petitioner,*

v.                                      18-2528
NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,[1]
*Respondent.*

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**FOR PETITIONER:**   Samir Deger-Sen, Esq., Latham & Watkins LLP, Washington, DC.

**FOR RESPONDENT:**   Brian M. Boynton, Acting Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Rosanne M. Perry, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition is DENIED.

Petitioner Maurilio Guzman Alejo, a native and citizen of Mexico, seeks review of an August 23, 2018, BIA decision affirming a March 2, 2018, decision of an Immigration Judge ("IJ") denying Guzman Alejo's application for withholding of removal and protection under the Convention Against Torture ("CAT"). *In re Maurilio Guzman Alejo*, No. A 098 669 637 (B.I.A. Aug. 23, 2018), *aff'g* No. A 098 669 637 (Immig. Ct. N.Y. City Mar. 2, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Y.C. v. Holder*,

2

741 F.3d 324, 332 (2d Cir. 2013) (reviewing legal questions de novo and factual findings for substantial evidence). Whether someone has been persecuted on account of his membership in a particular social group and will likely be tortured in the future are factual findings that we review under the substantial evidence standard. *See Paloka v. Holder*, 762 F.3d 191, 199 n.4 (2d Cir. 2014) (nexus); *Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) ("A determination of what will occur in the future and the degree of likelihood of the occurrence has been regularly regarded as fact-finding . . . .").

## I.   Withholding of Removal

The agency determined that Guzman Alejo was a member of cognizable social groups and did not address whether his past harm constituted persecution or whether he was likely to be persecuted in the future. Accordingly, the only issue before us is whether the agency erred in concluding that Guzman Alejo had not shown that his group membership was or would be a central reason that he was harmed by narco-traffickers. We conclude that substantial evidence supports the agency's determination.

3

An applicant for withholding of removal "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *see also Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010) (applying "one central reason" standard to withholding). Under this standard, there may be "more than one motive for mistreatment." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks omitted). But "the protected ground cannot play a minor role in the alien's past mistreatment or fears of future mistreatment. That is, it cannot be incidental, tangential, superficial, or subordinate to another reason for harm." *In re J-B-N- and S-M-*, 24 I. & N. Dec. 208, 214 (B.I.A. 2007). And the "harm or suffering" must be inflicted "to punish him for possessing a belief or characteristic a persecutor sought to overcome." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985). Harm occurring because of "general crime conditions" generally is not harm on account of a protected ground. *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999).

4

Guzman Alejo argued that narco-traffickers harmed him "because of his status as a large farm owner and his membership in his land-owning family in Buenavista del Sur, Guerrero, Mexico." The agency did not err in concluding that Guzman Alejo failed to show that his membership in his social groups was "one central reason" why he was targeted.

An applicant must demonstrate either "through direct or circumstantial evidence" that his persecutors targeted him on account of a protected ground. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) ("But since the statute makes [the persecutor's] motive critical, [the petitioner] must provide *some* evidence of it, direct or circumstantial." (emphasis in original)). Guzman Alejo did not demonstrate that the narco-traffickers had a motivation other than expanding their criminal enterprise. *See Elias-Zacarias*, 502 U.S. at 483 (emphasizing importance of motive of persecutor); *see also Paloka*, 762 F.3d at 198 (emphasizing distinction between "individuals threatened by state-sponsored or state-condoned criminality on account of their membership in a particular social group and individuals threatened only

5

because they live in a country with pervasive criminality"). Guzman Alejo's country conditions evidence reflects that drug trafficking-related violence is common in Mexico and impacts a large cross-section of the population. And while his evidence showed that he was an ideal target for the narco-traffickers based on his family's land and status in the community and that there was a pattern of targeting landowners, it also reflected pervasive violence in his home region of Mexico. The pervasiveness of the drug violence supports the agency's conclusion that the gang targeted Guzman Alejo to expand its power, not to "punish him for possessing a belief or characteristic [it] sought to overcome," *Matter of Acosta*, 19 I. & N. Dec. at 222.

**II. CAT Protection**

An applicant for protection under the CAT must "establish that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). An IJ considers "all evidence relevant to the possibility of future torture[,]" including evidence of past torture and "[e]vidence that the applicant could relocate to a part of the country of removal where he . . .

6

is not likely to be tortured." *Id.* § 1208.16(c)(3)(i)-(ii).

Substantial evidence supports the agency's determination that Guzman Alejo did not establish a likelihood of torture. There is evidence of vast drug-related violence in Mexico, but Guzman Alejo's claim of future torture is undermined by his family's ability to relocate to avoid harm. *See id.* § 1208.16(c)(3)(ii); *Melgar de Torres*, 191 F.3d at 313 (holding that objective fear is undermined where family members remain unharmed in petitioner's native country); *see also Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (upholding denial of CAT relief where petitioner offered no "particularized evidence" that she would be tortured in her country of removal). Guzman Alejo's family, including his father who owned their land, relocated within Mexico and there was no evidence presented of harm to any family members following the events of 2006. Accordingly, we find no error in the agency's conclusion that Guzman Alejo failed to show that he would "more likely than not" be tortured in Mexico. 8 C.F.R. § 1208.16(c)(2).

**III. Due Process**

Finally, Guzman Alejo argues that the IJ deprived him of

a full hearing by not allowing his expert to testify telephonically. Guzman Alejo has not demonstrated the prejudice required to establish a due process claim violation.

"To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims or that [he was] otherwise deprived . . . of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted). "Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted). Guzman Alejo stated that the expert would have testified to the contents of his report and his testimony would have amplified the report. Guzman Alejo did not allege that the expert would have provided new or additional information. Accordingly, Guzman Alejo did not show prejudice because the agency considered the expert's written report. *Id.*

For the foregoing reasons, the petition for review is

DENIED. All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court