**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 22-1156

SANDY CARRERAS MORALES,

Plaintiff, Appellant,

v.

SILGAN CONTAINERS MANUFACTURING PUERTO RICO, LLC,

Defendant, Appellee,

OKAYA (USA) INC., TALENT PARTNERS, INC.,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Silvia Carreño-Coll, U.S. District Judge]

Before

Kayatta, Lipez, Thompson,
Circuit Judges.

Juan Rafael González-Muñoz, with whom González Muñoz Law Offices, PSC, was on brief, for appellant.
Pedro J. Torres-Díaz, with whom Ana B. Rosado-Frontanés and Jackson Lewis LLC were on brief, for appellee.

February 8, 2024

**KAYATTA**, **Circuit Judge**. This appeal concerns a claim of age discrimination brought by Sandy Carreras Morales ("Carreras") against his prospective employer, Silgan Containers Manufacturing Puerto Rico, LLC ("Silgan"). Carreras asserts claims under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and its Puerto Rico analogue, P.R. Law No. 100, arising out of Silgan's refusal to hire Carreras for a plant-manager position at its Las Piedras, Puerto Rico factory. The district court granted summary judgment in favor of Silgan, finding, among other things, that Carreras failed to show that Silgan knew his age when it rejected his application. Carreras appeals, arguing that notwithstanding this fact, there is direct evidence of Silgan's age discrimination that warrants a jury trial. Finding this evidence inapt, we affirm.

## I.

### A.

We review a district court's grant of summary judgment de novo, construing the record in the light most favorable to the nonmovant -- here, Carreras -- and resolving all reasonable inferences in that party's favor. Ocasio-Hernández v. Fortuño-Burset, 777 F.3d 1, 4 (1st Cir. 2015).

Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). But we

may affirm a grant of summary judgment "on any ground revealed by the record." Robinson v. Town of Marshfield, 950 F.3d 21, 24 (1st Cir. 2020) (quoting Houlton Citizens' Coal. v. Town of Houlton, 175 F.3d 178, 184 (1st Cir. 1999)).

**B.**

Silgan is a food-packaging manufacturer with a factory in Las Piedras, Puerto Rico. When the plant-manager position became available in late 2017, Silgan sought to hire someone local because of a recurring retention problem: More than one prior manager had only held the position for a few years before returning to the contiguous United States. So, according to Silgan Manufacturing Director Dean LaClair, the company wanted to hire someone with more "longevity" to address this retention problem.

In 2014, Silgan contracted with Talent Partners, Inc. ("TPI") for employee-recruitment services, which TPI provided on a recurrent basis. In January 2018, Silgan asked TPI's president, Joann Cox ("Cox"), to recruit candidates for its open plant-manager position. Meanwhile, TPI had a cooperative placement agreement with another agency, Okaya, Inc. ("Okaya"), under which TPI and Okaya worked together to recruit candidates.

In late January 2018, Okaya contacted Carreras, who was 60 years old at the time, about the Silgan plant-manager position. Okaya asked for Carreras's resume, which does not include his date of birth or dates related to his education. It shows an employment

- 3 -

history beginning in 1989. In early February, TPI provided Carreras with more information about the Silgan position and asked him to complete an application. Neither TPI nor Silgan asked for Carreras's age or when he planned to retire, and Carreras did not disclose any such information.

Silgan's hiring process required all managerial candidates to complete a two-stage employment test, which was conducted by a third-party exam service provider. In mid-February 2018, Carreras passed the test's first stage but received a "review" score on the second stage. Silgan considers a "review" score a failure and therefore generally disqualifies candidates receiving such a score.

After receiving Carreras's test results, Silgan Operations Coordinator Sue Thiele ("Thiele") recommended that Bruce Whittier, one of Silgan's manufacturing directors, not move forward with Carreras's application. Thiele then made the same recommendation to Tami Potkay ("Potkay"), Silgan's Regional Human Resources Manager. Potkay then emailed Cox at TPI, informing her that Silgan had declined Carreras. TPI then informed Okaya that Silgan rejected Carreras's application because of his test score.

It does not appear that the manufacturing director -- who had final say in filling the position -- ever weighed in on the decision. In any event, it is undisputed that Carreras was deemed disqualified in February of 2018. To be sure, two months

later, in April of 2018, Okaya asked Carreras for his age because it said its client, Silgan, was only considering candidates less than 58 years old. But it is undisputed that Silgan did not know that the sixty-year-old Carreras was 58 or older when it disqualified him based on his low test score.

In discovery, Carreras developed evidence that he says would have supported a finding that Silgan did not want to hire someone over the age of 58. Both in the district court and on appeal, Carreras argues that this evidence should have been sufficient to defeat a motion for summary judgment.

**II.**

The ADEA makes it unlawful for an employer "to fail or refuse to hire" an individual "because of such individual's age." 29 U.S.C. § 623(a)(1). To prevail under the ADEA, the plaintiff therefore bears the burden to prove by a preponderance of the evidence that "age was the 'but-for' cause" of the prohibited act. Babb v. Wilkie, 140 S.Ct. 1168, 1176 (2020) (quoting Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177 (2009)). And as night follows day, an applicant's actual age could not be the but-for cause of an employment decision if the decision-maker did not know that the plaintiff was not the preferred age. See, e.g., Woodman v. WWOR-TV, Inc., 411 F.3d 69, 83-84 (2d Cir. 2005) (finding that the plaintiff's ADEA claim failed because the plaintiff did not adduce

sufficient evidence indicating defendants' knowledge of her age relative to that of her younger replacement).

Consequently, we find that the district court was correct to grant summary judgment to Silgan on Carreras's ADEA claim. Simply put, even assuming that Silgan was biased against applicants over the age of 58, the complete lack of any evidence that Silgan believed that Carreras was older than 58 means that its decision not to hire him was not "because of" his age.[1] We turn next to his analogous age-discrimination claim under Puerto Rico Law 100.

## III.

Puerto Rico Law 100, like the ADEA, provides a cause of action for victims of age-based employment discrimination. Zampierollo-Rheinfeldt v. Ingersoll-Rand de Puerto Rico, Inc., 999 F.3d 37, 58 (1st Cir. 2021). Carreras does not explain why the lack of any causal nexus between his age and the challenged employment decision is not also fatal to his discrimination claim under Law 100. Nor is any relevant reason apparent. See Dávila v. Corporación De Puerto Rico Para La Difusión Pública, 498 F.3d 9, 18 (1st Cir. 2007) (noting that "[o]n the merits, age discrimination claims asserted under the ADEA and under Law 100

---

[1] Given our conclusion, we need not reach Carreras's argument that the district court abused its discretion when it excluded evidence that, Carreras contends, showed that Silgan and/or its agents were biased against applicants over the age of 58.

are coterminous").  Consequently, we find that the district court was correct to grant summary judgment to Silgan on Carreras's Law 100 claim as well.

**IV.**

For the foregoing reasons, we <u>affirm</u> the district court's order granting summary judgment to Silgan on Carreras's age-discrimination claims under the ADEA and Puerto Rico Law 100.