Singh v. McHenry

BIA
A206 513 468

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty-five.

PRESENT:
　　　　REENA RAGGI,
　　　　EUNICE C. LEE,
　　　　MARIA ARAÚJO KAHN,
　　　　　　*Circuit Judges.*

_____

JOGA SINGH,
　　　　*Petitioner,*

　　　　v.                                              23-6028
                                                       NAC

JAMES R. MCHENRY III, ACTING
UNITED STATES ATTORNEY
GENERAL,
　　　　*Respondent.*

_____ *

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General James R. McHenry III is automatically substituted for former Attorney General Merrick B. Garland as Respondent.

**FOR PETITIONER:**     Jaspreet Singh, Law Office of Jaspreet Singh, Richmond Hill, NY.

**FOR RESPONDENT:**     Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Alexander J. Lutz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Joga Singh, a native and citizen of India, seeks review of a December 22, 2022, decision of the BIA denying his second motion to reopen his removal proceedings. *In re Joga Singh*, No. A 206 513 468 (B.I.A. Dec. 22, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

Because Singh's petition is timely only as to the denial of his second motion to reopen, our review is limited to that decision. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). Accordingly, we do not reach Singh's challenge to the original adverse credibility determination, namely that Singh was not credible as to his claim that he was abused by members of an opposing political party because of his support for the Akali Dal Mann Party ("Mann Party"). We review the BIA's

denial of a motion to reopen for abuse of discretion and its country conditions determinations for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). "An abuse of discretion may be found in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted).

Applicants generally may move to reopen once, no later than 90 days after the final administrative decision. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Singh's 2022 motion to reopen was number-barred and untimely because it was his second motion to reopen and he filed it more than three years after his removal order became final in 2018. *See id*. These time and number limitations, however, do not apply to a motion filed to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). For

3

reasons set forth below, we conclude that the BIA did not err in finding that this exception did not apply.

"When reviewing whether . . . evidence established changed country conditions, the BIA must 'compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.'" *Tanusantoso v. Barr*, 962 F.3d 694, 698 (2d Cir. 2020) (quoting *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007)). In addition to showing a change in country conditions, the movant must establish prima facie eligibility for asylum by "demonstrating that the proffered new evidence would likely alter the result in h[is] case." *Jian Hui Shao*, 546 F.3d at 168 (quoting *INS v. Abudu*, 485 U.S. 94, 110 (1988)). "[T]o prevail on a motion to reopen alleging changed country conditions where the persecution claim was previously denied based on an adverse credibility finding . . . , the [movant] must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible." *Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (B.I.A. 2020); *see also Kaur*, 413 F.3d at 234 ("[E]vidence submitted by petitioner in support of . . . [the] motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the [agency's] denial of petitioner's underlying asylum application.").

Singh argues that he demonstrated a material change in the danger he faces in India based on his family's recent experiences—being harmed for their own support for the Mann Party and receiving threats against Singh for his support of the Mann Party—and new country conditions evidence showing human rights violations in India. But the BIA reasonably concluded that Singh's new claim was not independent of the evidence previously found not credible and, like his original claim, it turned on his alleged position as a Mann Party supporter.[1] *See Matter of F-S-N-*, 28 I. & N. Dec. at 3. Accordingly, Singh had to present evidence that overcame the prior adverse credibility determination to obtain reopening. *See id.*

The agency reasonably concluded that Singh failed to satisfy his burden by offering only his own statement regarding his family's recent experiences, without any new corroboration of his allegations of party affiliation and threats and violence against his family. The agency was not required to credit Singh's own statement. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146–49 (2d Cir. 2007) (holding that the agency may decline to credit unauthenticated evidence

---

[1] To the extent that Singh asserts that the adverse credibility determination did not reach his party membership, that is a misreading of the agency's prior decisions.

submitted with a motion to reopen by a movant who was found not credible in the underlying proceeding); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (holding that "a single instance of false testimony may (if attributable to the petitioner) infect the balance of the [petitioner's] uncorroborated or unauthenticated evidence"); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). And neither the statement nor the other new evidence (country conditions and a letter from the Department of Homeland Security ("DHS")) addressed the reasons why the agency previously found Singh not credible.

The BIA also did not err in concluding that the country conditions evidence demonstrated ongoing abuses, rather than a material change in India after Singh's merits hearing. Although the new evidence discusses abuses of government critics and religious minorities in India, similar evidence was presented in the underlying proceedings. Notably, the only evidence of abuses of Sikhs or Mann Party supporters specifically dates to Singh's original merits hearing. And even if the record had demonstrated an escalation in abuses of members of Sikh political organizations, it would not be "material" because the agency did not credit Singh's

6

allegations that he is involved in such an organization. *Kaur*, 413 F.3d at 234; *see* 8 C.F.R. § 1208.13(b)(2)(iii)(A) (absent past persecution, an asylum applicant may establish a well-founded fear of persecution either by showing a reasonable possibility that he will be "singled out individually for persecution," or by showing a "pattern or practice" of persecution of "persons similarly situated" to himself).

Singh also argues that due process demands a new hearing because DHS was represented by a suspended attorney at his merits hearing. To prevail on a due process claim, a petitioner "must show that []he was denied a full and fair opportunity to present [his] claims or that the [immigration judge] or BIA otherwise deprived [him] of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (quotation marks omitted). The petitioner must also show "some cognizable prejudice," *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008), i.e., "that the outcome . . . would have been . . . different" but for the due process violation, *Debeatham v. Holder*, 602 F.3d 481, 486 (2d Cir. 2010). Singh has not met these requirements. There is no allegation that *Singh's* attorney was ineffective during his hearing, and he has not explained how the appearance of a suspended attorney on behalf of DHS impeded his ability to present his claim or

influenced the dispositive adverse credibility determination.

Finally, as the Government points out, Singh has not exhausted his argument that the BIA should have exercised its authority to reopen sua sponte pursuant to 8 C.F.R. § 1003.2(a) because his motion to the BIA did not ask for that relief. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (explaining that administrative exhaustion is "mandatory" if the Government raises it). Even if exhausted, we lack jurisdiction to review the BIA's discretionary decision declining to reopen sua sponte. *See Li Chen v. Garland*, 43 F.4th 244, 252–53 (2d Cir. 2022).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8