# United States Court of Appeals
## For the First Circuit

No. 14-1618

SPARKLE HILL, INC. and WILLIAM WARMING,
individually and as the representatives of a class
of similarly situated persons,

Plaintiffs, Appellants,

v.

INTERSTATE MAT CORPORATION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Torruella, Thompson, and Kayatta,
Circuit Judges.

Phillip A. Bock, with whom Tod A. Lewis, Bock & Hatch, LLC, Brian J. Wanca, David M. Oppenheim, Anderson + Wanca, Edward M. Swartz, Alan L. Cantor, and Swartz & Swartz, were on brief, for appellants.
Scott T. Ober, with whom David F. Hassett, Margarita I. Warren, and Hassett & Donnelly, P.C., were on brief, for appellee.

June 3, 2015

**KAYATTA, Circuit Judge**.  Nine years ago, plaintiffs Sparkle Hill, Inc., and its vice president and owner William Warming (collectively, "Sparkle Hill") received an unsolicited advertisement on Sparkle Hill's fax machine from defendant Interstate Mat Corporation ("Interstate").  Not one to act hastily, Sparkle Hill filed suit against Interstate in federal district court almost five years later, alleging a violation of the Telephone Consumer Protection Act ("the Act"), 47 U.S.C. § 227.  The Act allows recipients of unsolicited fax advertisements to recover from the sender $500 in statutory damages (trebled for willful and knowing violations) for each fax transmission.  Id. § 227(b)(1)(C), (b)(3).  Invoking Federal Rule of Civil Procedure 23(b)(3), Sparkle Hill sought to proceed both individually and on behalf of others who also received an identical fax from Interstate in May 2006.  Interstate sought summary judgment on the ground that a four-year statute of limitations barred Sparkle Hill's claim.  Sparkle Hill filed no opposition, and the district court thereupon entered summary judgment dismissing the case.  We now affirm.

## I.  Background

The parties do not dispute the facts relevant to this appeal.  Interstate, a Massachusetts corporation with four employees, paid a marketing firm $496.40 to fax to 10,000 potential customers a one-page advertisement for Interstate's antifatigue

-2-

floor mats. In May 2006, the marketing firm transmitted Interstate's advertisement to 8,416 recipients. One of those recipients was Sparkle Hill, a New Jersey corporation. Another was West Concord 5-10-1.00 Store, Inc. ("West Concord"), a Massachusetts corporation. Aside from later litigation, Interstate never received any response to its fax advertisement.

More than three and a half years later, on January 28, 2010, West Concord--represented by the same plaintiffs' counsel who now represent Sparkle Hill--filed a class action against Interstate in Massachusetts superior court for sending unsolicited fax advertisements in violation of the Act. See 47 U.S.C. § 227(b)(1)(C), (b)(3). The state court complaint alleged a class of "[a]ll persons" who received a fax advertisement from Interstate.

More than one year after West Concord filed the state class action and nearly five years after the fax transmissions, Sparkle Hill filed this lawsuit in federal district court individually and on behalf of a class of "[a]ll persons" who received a fax from Interstate. Given a putative class of more than 8,000 fax recipients, and statutory damages of $500 for each fax sent, Interstate faced more than $4,000,000 in damages liability, potentially tripled if Interstate was found to have willfully and knowingly violated the Act. Id. § 227(b)(3).

On May 22, 2012, West Concord filed a motion in state court to certify a class of "[a]ll persons in Massachusetts who were successfully sent a facsimile" from Interstate in May 2006. About a month later, Sparkle Hill moved in federal district court to certify a class of "[a]ll persons who were successfully sent a facsimile" from Interstate in May 2006. The federal district court acted first, and certified Sparkle Hill's requested class on December 18, 2012. Sparkle Hill, Inc. v. Interstate Mat Corp., No. 11-cv-10271-RWZ, 2012 WL 6589258, at *5 (D. Mass. Dec. 18, 2012); see also Fed. R. Civ. P. 23(b)(3). Several months later, the state trial court refused to certify a class of Massachusetts fax recipients because of the court's doubts about West Concord's ability to represent the class, the lack of predominant common facts, the "enormous contrast between Interstate Mat's potential liability and the actual harm suffered by potential class members," and the "inescapable [conclusion] that these class actions exist for the benefit of the attorneys who are bringing them and not for the benefit of individuals who are truly aggrieved." West Concord 5-10-1.00 Store, Inc. v. Interstate Mat Corp., No. 10-00356-C, 2013 WL 988621, at *5-8 (Mass. Super. Ct. Mar. 5, 2013).

In federal court, Sparkle Hill filed a motion for summary judgment on May 28, 2013. Interstate opposed Sparkle Hill's motion by disputing both that the faxes were unsolicited advertisements and also that it willfully and knowingly violated the Act.

-4-

Interstate also cross-moved for summary judgment, asserting that the applicable four-year statute of limitations barred Sparkle Hill's claim under the Act. See 28 U.S.C. § 1658(a) (federal four-year catch-all statute of limitations). Sparkle Hill filed a reply brief in support of its own motion for summary judgment, but did not address the merits of the statute of limitations defense Interstate had raised. Instead, Sparkle Hill filed a motion to strike (as untimely) Interstate's motion for summary judgment. Eight months later, the district court denied Sparkle Hill's motion to strike. At the same time, the district court gave Sparkle Hill an additional twenty-one days to file an opposition to the merits of Interstate's limitations defense. The twenty-one days passed with no word from Sparkle Hill.

After waiting two more months, the district court entered summary judgment for Interstate on May 23, 2014. The district court interpreted Sparkle Hill's silence in the face of Interstate's limitations defense as a concession. Because Sparkle Hill "d[id] not respond to [the limitations defense]," the court "allow[ed] [Interstate's] motion for that reason." Sparkle Hill, Inc. v. Interstate Mat Corp., No. 11-cv-10271-RWZ, 2014 WL 2215756, at *2 (D. Mass. May 23, 2014).

Wisely adding belt to suspenders, see Fed. R. Civ. P. 56(e)(3), the district court also addressed the merits of Interstate's statute of limitations defense and concluded that

Sparkle Hill's claim under the Act was time-barred.[1]  Id. at *3-4.

Sparkle Hill received the fax in May 2006 but did not file suit

until February 2011, well after the four-year limitations period

the district court found applied.[2]  The district court considered

whether West Concord's state court class action tolled the statute

of limitations for Sparkle Hill's subsequent class action.  See

American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 553 (1974)

("[T]he commencement of the original class suit tolls the running

of the statute for all purported members of the class who make

timely motions to intervene after the court has found the suit

inappropriate for class action status."); Crown, Cork & Seal Co. v.

Parker, 462 U.S. 345, 353-54 (1983) (extending American Pipe

---

[1] The district court also ruled that Massachusetts's three-year statute of limitations for torts barred a state law conversion claim contained in Sparkle Hill's complaint.  See Mass. Gen. Laws ch. 260, § 2A.  Sparkle Hill does not contest this ruling on appeal, so we say no more about it.

[2] The district court noted a split of authority over the source of the limitations period for claims under the Act.  Sparkle Hill, 2014 WL 2215756, at *3.  Some courts apply the federal four-year catch-all statute of limitations, 28 U.S.C. § 1658(a), see, e.g., Giovanniello v. ALM Media, LLC, 726 F.3d 106, 115 (2d Cir. 2013); others apply the applicable state law statute of limitations, see, e.g., Spillman v. Dominos Pizza, LLC, No. Civ. 10-349-BAJ-SCR, 2011 WL 721498, at *5-6 (M.D. La. Feb. 22, 2011). The district court did not decide the applicable statute of limitations, however, because it concluded that Sparkle Hill's claim was time-barred under both federal and state limitations periods.  Because we affirm the district court on other grounds, we similarly need not decide the applicable statute of limitations. For simplicity, however, we follow the parties' lead and assume for the sake of argument that the longer, four-year limitations period in section 1658(a) applies.  Compare Mass. Gen. Laws ch. 260, § 2A (three-year statute of limitations for torts).

tolling to class members who file their own suits after the denial of class certification).  The district court concluded that our precedent foreclosed the application of <u>American Pipe</u> tolling to sequential class actions, as opposed to class members' individual actions.  <u>See</u> <u>Basch</u> v. <u>Ground Round, Inc.</u>, 139 F.3d 6, 11 (1st Cir. 1998) ("Plaintiffs may not stack one class action on top of another and continue to toll the statute of limitations indefinitely.").

Sparkle Hill then filed a motion under Federal Rule of Civil Procedure 60(b)(6) to "vacate" the district court's order and "clarify the Memorandum Opinion . . . to decertify the class."  The Rule 60(b)(6) motion did not contest the district court's conclusion that Sparkle Hill could not stack one class action on top of another to extend the limitations period.  Nor did it challenge the district court's reliance on Sparkle Hill's failure to respond as a basis for granting summary judgment.  Sparkle Hill instead advanced a limited argument that even if <u>American Pipe</u> tolling did not apply to its class action, tolling might still apply to its and the other class members' individual claims.  Therefore, Sparkle Hill argued, the district court should have decertified the class and allowed class members to pursue individual tolling arguments, instead of entering judgment for Interstate.  The district court denied Sparkle Hill's motion without explanation.

Sparkle Hill timely appealed.  In its opening brief on appeal Sparkle Hill offers no argument at all for finding error in the district court's decision to hold Sparkle Hill accountable for its lack of opposition to Interstate's limitations defense. Instead, Sparkle Hill's brief argues the merits of the limitations defense as applied both to the class and to Sparkle Hill.  After Interstate in its brief blew the whistle on Sparkle Hill's failure to challenge the district court's reliance on its procedural defalcation, Sparkle Hill in its reply brief made two new points: (1) because the burden of proving an affirmative limitations defense rested with Interstate, Sparkle Hill's failure to oppose the motion was of no moment; and (2) any waiver was harmless, and should fit within an exception to the normal rules concerning waiver.[3]

## II.  Analysis

We have seen this story before.  A district court dismisses a claim for perceived procedural defalcations; the losing

---

[3] Sparkle Hill also suggests that the district court did not rely on any waiver by Sparkle Hill as one grounds for granting summary judgment.  The district court, though, repeatedly made plain that it considered Sparkle Hill's failure to respond to the limitations defense an independently sufficient grounds for granting Interstate's cross-motion for summary judgment: "[b]ecause plaintiffs concede that their suit is barred by the statute of limitations, plaintiffs' motion is DENIED and defendant's motion is ALLOWED"; "[p]laintiffs do not respond to this [statute of limitations] argument, and I allow defendant's motion for that reason"; and "for lack of opposition and on the merits, defendant's motion for summary judgment is allowed." Sparkle Hill, 2014 WL 2215756, at *1-2, *4.

party then files a brief on appeal arguing the substantive merits of its claim, saving for its reply brief any argument challenging the actual, procedural basis for the district court's ruling.  See, e.g., Díaz-Colón v. Fuentes-Agostini, No. 13-2340, 2015 WL 2345496, at *3-4 (1st Cir. May 18, 2015).  Our precedent is clear:  we do not consider arguments for reversing a decision of a district court when the argument is not raised in a party's opening brief.  Waste Mgmt. Holdings, Inc. v. Mowbray, 208 F.3d 288, 299 (1st Cir. 2000) ("We have held, with a regularity bordering on the monotonous, that issues advanced for the first time in an appellant's reply brief are deemed waived.").  Sandbagging of this type deprives the appellee of an opportunity to respond in writing on the issue.  And any attempt to remedy that unfairness by allowing a second opposition, or sur-reply, brief can both increase costs for the appellee and result in considerable delay.[4]

    This does not mean that any and all contentions in support of an appellant's argument are waived if not included in the opening brief.  Often, counterpoints and rebuttal rejoinders arise or fit most naturally as a reply to an opposition argument that could not have reasonably been anticipated.  Neither our rules

---

    [4] Reply briefs are often filed after a case has been assigned to a panel and within a month of oral argument.  Allowing thirty days for a new opposition brief, plus time to review it, would therefore often require postponing argument until the same panel is scheduled to sit again.  See First Circuit Internal Operating Procedure VII(D)(3).

nor fairness require a robust application of waiver in such circumstances. See, e.g., Holmes v. Spencer, 685 F.3d 51, 66 (1st Cir. 2012) (considering argument raised for first time in reply brief in response to new argument in appellee's brief).  Here, though, the opening brief presents no argument at all challenging express grounds upon which the district court prominently relied in entering judgment.  Indeed, the opening brief did not even mention the procedural grounds upon which the district court ruled.  One hundred percent of the argument advanced for why we should reverse that holding is in the reply brief.

We have, too, added reason not to deviate from our customary practice in this case.  Even if we ignored Sparkle Hill's waiver on appeal, that would simply get us to considering the effect of its failure to oppose the summary judgment motion in the district court.  At best, that might lead us to plain error review. Díaz-Seijo v. Fajardo-Vélez, 397 F.3d 53, 55 (1st Cir. 2005).  To prevail on plain error review, Sparkle Hill would need to show that "(1) an error occurred (2) which was clear or obvious and which not only (3) affected the [appellant's] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of the judicial proceedings." Dávila v. Corporación de P.R. para la Difusión Pública, 498 F.3d 9, 14–15 (1st Cir. 2007) (alteration in original) (quoting United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001)) (internal quotation marks omitted).  Plain

error review is "extremely demanding," and "in this circuit, it is rare indeed for a panel to find plain error in a civil case." Chestnut v. City of Lowell, 305 F.3d 18, 20 (1st Cir. 2002) (en banc) (per curiam).

Sparkle Hill has not come close to satisfying this "extremely demanding" standard. Without expressing any view on the correctness of the district court's denial of American Pipe tolling to a second class action under our decision in Basch, we do not perceive the district court's reasoning on this difficult issue as clearly or obviously wrong. See Dávila, 498 F.3d at 15 ("The lack of any clear, easily determinable answer to a legal conundrum is, in itself, enough to defeat a claim of plain error."); cf. Chestnut, 305 F.3d at 20 (plain error where district court's decision was contrary to clearly applicable, decades-old Supreme Court precedent).

Disposing of an appeal on technical or procedural grounds rarely feels satisfying. Here, though, any hesitation ebbs quickly when one assays the practical effect on the parties. For having received one unwanted fax, Sparkle Hill would be entitled to at most $1,500 ($500 in statutory damages, trebled for a willful and knowing violation of the Act). See 47 U.S.C. § 227(b)(3). None of the fax recipients complained to Interstate until plaintiffs' counsel filed (on West Concord's behalf) the state court class action. Sparkle Hill itself waited nearly five years after it

received the fax to file the complaint in this case. And it points to no class members who have relied on its prosecution of this case. Interstate, in turn, has likely spent far more in defending two class actions and an appeal than it gained in profits from mass-faxing the advertisement. On the whole, we simply do not have the type of circumstances that might cause us to use any slack in the enforcement of our rules in order to avoid a miscarriage of justice.

Finally, we do agree with Sparkle Hill that the district court, rather than entering judgment against the entire class, should have decertified the class. We read the district court's orders, however, as doing just that. It did so by denying Sparkle Hill's request for permission to send notice to the absent class members. Sparkle Hill, 2014 WL 2215756, at *5. Absent such notice, no Rule 23(b)(3) damages class can be bound by the judgment. See AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1751 (2011) ("For a class-action money judgment to bind absentees in litigation, . . . absent members must be afforded notice, an opportunity to be heard, and a right to opt out of the class.") (citing Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 811–12 (1985)); see also Fed. R. Civ. P. 23(c)(2)(B), (c)(3)(B). Accordingly, in affirming the judgment, we construe it as a

judgment against the named plaintiffs only, with the class decertified.[5]

### III. Conclusion

We <u>affirm</u> the district court's grant of summary judgment to Interstate on the claims of the named plaintiffs. We also <u>affirm</u> the district court's denial of Sparkle Hill's Rule 60(b)(6) motion.

---

[5] At oral argument, counsel for Interstate agreed that Interstate will not be able to assert a res judicata defense against the absent, unnoticed class members.