# United States Court of Appeals

## For the First Circuit

No. 22-1034

NICHOLAS L. TRIANTOS,

Plaintiff,

v.

GUAETTA & BENSON, LLC; AUDREY G. BENSON;
PETER V. GUAETTA; SARAH T. FITZPATRICK,

Defendants, Appellees,

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Morgan
Stanley ABS Capital I Inc. Trust 2004-HE4, Mortgage Pass-Through
Certificates, Series 2004-HE4; SELECT PORTFOLIO SERVICING, INC.;
COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA, N.A., as
Successor-in-Interest to Countrywide Home Loans, Inc.; NEW
CENTURY MORTGAGE CORPORATION,

Defendants.

MICHAEL M. MCARDLE,

Interested Party, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Lynch, Thompson, and Gelpí,
Circuit Judges.

Lucas B. McArdle, with whom McArdle Law & Associates, PLLC

was on brief, for appellant.

John F. Gallant, with whom Nancy A. Morency and Gallant & Ervin, LLC were on brief, for appellees.

_____

October 27, 2022

_____

**LYNCH**, **Circuit Judge**.  In this case removed to the federal district court, Guaetta & Benson, LLC and Audrey Benson, Peter Guaetta, and Sarah Fitzpatrick, individual partners of that firm (collectively, "G&B"), moved for sanctions against attorney Michael McArdle, counsel on the state court complaint, under Federal Rule of Civil Procedure 11.  This sanctions motion was not served on McArdle under Rule 5 as required by Rule 11.  At a hearing McArdle did not attend, the district court imposed Rule 11 sanctions against him on the court's understanding that (i) he had signed and filed an amended complaint in federal court and (ii) he had been properly served.  However, the record refutes both of these bases for the order.

When McArdle learned of the district court's sanctions order several months later, he immediately moved the court for relief under Rule 60(b).  The court summarily denied the Rule 60(b) motion.  We reverse.

**I.**

The following facts are drawn from the record and do not appear to be disputed on appeal.  On February 7, 2017, Nicholas Triantos sued Deutsche Bank National Trust Company and other mortgage lenders and servicers in Massachusetts Superior Court, asserting various claims arising out of a foreclosure on his property.  The complaint unusually also named as defendants Guaetta & Benson, LLC, the firm that had conducted the foreclosure sale on

behalf of Deutsche Bank, and three individual partners of that firm, alleging that their actions violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968.

McArdle was counsel of record for Triantos in Massachusetts Superior Court and signed the state court complaint. On March 16, 2017, G&B sent McArdle a "safe harbor" letter under Massachusetts Rule of Civil Procedure 11. The letter questioned the merit of the claims against G&B, demanded that McArdle either furnish a legal basis for these claims or dismiss them, and warned that if he did not do so, G&B would pursue relief against both him and Triantos.

On March 31, 2017, Deutsche Bank removed the case to federal district court. Following removal, McArdle did not enter a notice of appearance in the district court,[1] but he communicated with G&B as counsel for Triantos and, at the request of the defendants, assented to several motions to extend the defendants' time to file responsive pleadings.

On May 9, 2017, Triantos (himself a lawyer) entered a pro se notice of appearance in the district court. On May 23, Triantos signed and filed an amended complaint. This complaint

---

[1] McArdle did not receive electronic notice of later filings, presumably because he never filed a notice of appearance in the federal case.

- 4 -

was also signed by Alex Hess as co-counsel for Triantos.[2]  McArdle did not sign or file this complaint, and his name does not appear on it.

On May 31, 2017, McArdle filed a notice of withdrawal of his appearance as counsel in the case.  In the two months between removal and his withdrawal as counsel, McArdle did not sign or file any pleadings or other papers in district court, nor did he present argument to the court.

On September 14, 2017, the district court dismissed the amended complaint for failure to state a claim.[3]  On November 21, G&B moved for sanctions against Triantos and McArdle under Federal Rule of Civil Procedure 11, seeking attorney's fees and costs and expenses.  G&B certified to the court that all parties were being served with the motion but never served the motion on McArdle under Rule 5 as required by Rule 11.  As the basis for sanctions, G&B stated that the complaint "which the Court dismissed under Fed. R. Civ. P. 12(b)(6)" -- i.e., the amended complaint -- was signed by both Triantos and McArdle.  G&B also stated that McArdle, rather than Triantos, had filed the amended complaint.  The district court

---

[2]     Hess entered a notice of appearance in the district court on June 14, 2017.

[3]     The district court also denied Triantos's motion to remand and granted the defendants' motion to strike a second amended complaint filed by Triantos (and signed by Triantos and Hess).

stayed the motion for sanctions pending the outcome of Triantos's appeal of the decision dismissing his case.

On September 16, 2020, this court affirmed the district court's decision dismissing the amended complaint. Triantos v. Deutsche Bank Nat'l Tr. Co., No. 17-1938 (1st Cir. Sept. 16, 2020).

On September 30, 2020, G&B renewed its motion for sanctions against Triantos and McArdle. G&B again certified to the court that all parties were being served with the motion but never served the motion on McArdle under Rule 5 as required by Rule 11. The renewed motion repeated the statements that McArdle had "signed" and "filed" the amended complaint dismissed by the district court.

On November 2, 2020, after not seeing a docketed response to the sanctions motion from McArdle, Triantos contacted McArdle. McArdle (through counsel) immediately contacted G&B to discuss the motion. In an email, McArdle informed G&B that he "was not involved in the subject federal case whatsoever, [and] was just carried over as counsel of record in the state court matter," that he "specifically advised Triantos not to pursue the claims against G&B," and that he "withdrew when it was clear [he] needed to create distance from [Triantos]." McArdle also requested that, should G&B intend to continue pursuing sanctions against him despite this information, he be given "time to properly respond."

On a phone call later that day, the parties discussed a negotiated resolution whereby G&B would drop the sanctions motion against McArdle. McArdle followed up with G&B via email regarding the specifics of this resolution on November 5 and November 10. G&B did not respond. At this point the parties apparently let the issue lie.

Eight months passed. On July 1, 2021, the district court set a hearing date for G&B's sanctions motion. In the following months, G&B filed materials in support of its motion and Triantos filed a supplemental opposition. McArdle did not receive these filings and never filed an opposition. On September 15, 2021, the district court heard argument on G&B's motion. McArdle was not present. The following colloquy took place at the beginning of the hearing:

> THE COURT: Very well. And what about Mr. McArdle, who represents him?
>
> MR. TRIANTOS: Your Honor, if I may? I don't know. I haven't heard from him. I don't think he even filed a response to this. So I just don't know.
>
> THE COURT: I don't see any. Let me talk to defense counsel. Are you pressing this against Mr. McArdle?
>
> MR. GALLANT: We are, Your Honor. The motion that was originally served specifically addresses him and, um, the motions in our memorandum specifically address him.
>
> THE COURT: They do, and believe me I've read everything. Well let's then go forward.

- 7 -

G&B did not inform the district court that it had never served McArdle with the motion under Rule 5 as required by Rule 11. McArdle's absence was not discussed further. His level of involvement in the federal proceeding was not discussed either. The district court concluded that the claims against G&B in the amended complaint were "clearly without merit." On that basis, the court entered a minute order imposing $10,000 in attorney's fees and $32 in costs jointly and severally against Triantos and McArdle pursuant to Rule 11. The court did not state any other basis for the imposition of Rule 11 sanctions against McArdle.

McArdle became aware of the district court's sanctions order two-and-a-half months later, on November 29, 2021. On December 8, he moved for relief from this order under Rule 60(b).[4] McArdle's verified motion stated that the amended complaint was filed by Triantos and signed by Triantos and Hess, and that McArdle lacked notice of both the sanctions hearing and the fact that G&B was proceeding with its motion for sanctions. In its opposition, G&B repeated the statement that McArdle had "signed and filed" the amended complaint. The district court summarily denied McArdle's Rule 60(b) motion without hearing argument.

---

[4] McArdle's motion was styled as a "Verified Motion for Relief from Court Order." Both parties have treated it as a motion under Rule 60(b).

- 8 -

McArdle timely appealed the district court's order denying his Rule 60(b) motion.

## II.

We review the district court's decision to deny relief under Rule 60(b) for abuse of discretion. Giroux v. Fed. Nat'l Mortg. Ass'n, 810 F.3d 103, 106 (1st Cir. 2016). "This standard is not monolithic: within it, embedded findings of fact are reviewed for clear error, questions of law are reviewed de novo, and judgment calls are subjected to classic abuse-of-discretion review." Ungar v. Palestine Liberation Org., 599 F.3d 79, 83 (1st Cir. 2010). Abuse of discretion with respect to judgment calls occurs where the district court "commit[s] a meaningful error in judgment." Anderson v. Cryovac, Inc., 862 F.2d 910, 923 (1st Cir. 1988). "[W]e are 'conscious of the impact of sanctions on attorneys and take our oversight role seriously.'" Lamboy-Ortiz v. Ortiz-Vélez, 630 F.3d 228, 243 (1st Cir. 2010) (quoting Nw. Bypass Grp. v. U.S. Army Corps of Eng'rs, 569 F.3d 4, 6 (1st Cir. 2009)).

Under Rule 60(b), a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for six specified reasons. Fed. R. Civ. P. 60(b). We focus on subsections (b)(1) and (b)(3), as analysis of those two reasons is enough to convince us that relief should be granted here.

Rule 60(b)(1) provides that a court may grant relief from an order based on "mistake, inadvertence, surprise, or excusable neglect." Id. 60(b)(1). The Supreme Court, in Kemp v. United States, 142 S. Ct. 1856 (2022), held that Rule 60(b)(1)'s "mistake" provision encompasses errors of law. Id. at 1860. That is the rule we apply.

Rule 60(b)(3) provides that a court may grant relief from an order based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To satisfy Rule 60(b)(3), a party "'must demonstrate misconduct -- such as fraud or misrepresentation -- by clear and convincing evidence' and 'show that the misconduct foreclosed full and fair preparation or presentation of [his] case.'" Giroux, 810 F.3d at 108 (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 21 (1st Cir. 2002)); cf. West v. Bell Helicopter Textron, Inc., 803 F.3d 56, 67-68 (1st Cir. 2015) (noting heightened standard of "substantial interference" with preparation of case in context of Rule 60(b)(3) motions based on discovery misconduct). Misconduct "does not demand proof of nefarious intent or purpose as a prerequisite to redress" and "can cover even accidental omissions." West, 803 F.3d at 67 (quoting Anderson, 862 F.2d at 923).

We hold that the district court made two errors in imposing Rule 11 sanctions against McArdle and that these errors

appear to be based on the district court's understanding of representations by G&B that were contrary to what the record shows. First, the district court imposed sanctions on McArdle on the basis that he had signed and filed the amended complaint that the court dismissed. We can find nothing in the record to support this. Second, the district court imposed sanctions even though the procedural requirements of Rule 11 were not satisfied. The district court abused its discretion in not granting the Rule 60(b) motion for relief from the sanctions.

**A.**

We hold first that the district court erred in imposing Rule 11 sanctions against McArdle based on the amended complaint.

Rule 11 sanctions may be imposed only when an attorney (or unrepresented party) violates the requirements of Rule 11(b), see Fed. R. Civ. P. 11(c)(1), which provides:

> By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending,

> modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Id. 11(b).

The sanctions order is contrary to the text of Rule 11(b). Rule 11 sanctions are available only for misconduct in "presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it." Id. Any imposition of Rule 11 sanctions must have a basis in this text. Cf. Lamboy-Ortiz, 630 F.3d at 245 (noting the textual limitations of Rule 11 and concluding that the Rule "does not govern the conduct of litigation" beyond those bounds); Balerna v. Gilberti, 708 F.3d 319, 323 (1st Cir. 2013) (similar). To be subject to Rule 11 sanctions, an attorney must "present[]" a paper that is improper for one or more of the reasons delineated in Rule 11(b).

G&B does not argue that McArdle is subject to Federal Rule 11 sanctions for signing the complaint in state court, and correctly so. The Federal Rules of Civil Procedure do not apply to state court proceedings. See Fed. R. Civ. P. 81(c)(1)

- 12 -

(providing that the Federal Rules apply "to a civil action <u>after</u> it is removed from a state court" (emphasis added)); <u>see also</u> <u>id.</u> 1 (providing that the Federal Rules "govern the procedure in all civil actions and proceedings in the United States district courts"). An individual cannot be subject to Federal Rule 11 sanctions for conduct in state court. <u>See</u> <u>id.</u> 81(c)(1); <u>see also,</u> <u>e.g.</u>, <u>Bisciglia</u> v. <u>Kenosha Unified Sch. Dist. No. 1</u>, 45 F.3d 223, 226-27 (7th Cir. 1995).[5]

In the two months between removal of the case to federal court and McArdle's withdrawal as counsel, McArdle did not sign or file any papers with the district court. His name is not listed in the signature block of any motions. <u>See</u> <u>Ark. Tchr. Ret. Sys.</u> v. <u>State St. Corp.</u>, 25 F.4th 55, 64 & n.2 (1st Cir. 2022) (holding that counsel may "present[]" a paper to the court by placing his or her name in the signature block of a motion, even where counsel does not individually sign the motion). He did not present argument to the court.

G&B offers several arguments as to why McArdle should be subject to Rule 11 sanctions even though he did not sign or file

---

[5] G&B's argument that we should let the Federal Rule 11 sanctions order stand because of asserted similarities between Federal Rule 11 and Massachusetts Rule 11 amounts to a request to apply Federal Rule 11 to state court conduct. The argument is not viable for the reasons discussed above.

the amended complaint or other papers.  None find a basis in the text of Rule 11.

G&B first argues that Rule 11 sanctions are warranted because the state court complaint signed by McArdle was the "operative pleading" in federal court before Triantos filed the amended complaint.  While G&B is correct that the state court complaint removed to federal court by the defendants was briefly the operative pleading in federal court, there is no "operative pleading" exception to Rule 11's "presenting" requirement.  See Fed. R. Civ. P. 11(b); see also id. advisory committee's note to 1993 amendment (noting that "urg[ing] . . . the allegations of a pleading filed in state court" to the district court following removal constitutes "presenting"); Bisciglia, 45 F.3d at 226-27, 227 n.5 (focusing on subsequent filings and advocacy in support of a state court complaint's allegations following removal); Buster v. Greisen, 104 F.3d 1186, 1190 n.4 (9th Cir. 1997) (same); Danubis Grp., LLC v. Landmark Am. Ins. Co., 685 F. App'x 792, 802 (11th Cir. 2017) (same).

McArdle did not "present[]" the complaint to the district court through the act of removal, because removal was initiated by the defendants.  Once in federal court, he did not take any action to "present[]" the allegations in the complaint to the district court.

G&B next argues that McArdle is subject to Rule 11 sanctions because he had not withdrawn his appearance at the time that Triantos filed the amended complaint. This does not provide a basis for imposition of Rule 11 sanctions where McArdle did not "present[]" any papers to the court.

G&B also contends that McArdle triggered Rule 11 sanctions by assenting to several requests by defendants' counsel that he agree to motions to extend the defendants' time to file responsive pleadings. On these facts, merely assenting to the defendants' motions did not amount to "presenting" them to the court. G&B further contends that McArdle represented to G&B (but not to the court) that Triantos would be filing an amended complaint, and that McArdle assented to the motions for extensions of time at least in part to allow the defendants to respond to this forthcoming amended complaint rather than the original complaint. Nonetheless, this does not fall within the text of Rule 11(b) as it was not "presenting" to the court.

**B.**

We also hold that Rule 11's procedural requirements were not met here.

Under Rule 11, a party's motion for sanctions "must" be served on all parties as required by Rule 5. Fed. R. Civ. P. 11(c)(2). Furthermore, a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim,

- 15 -

defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  Id.; see also id. advisory committee's note to 1993 amendment ("To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the [Rule] provides that the [21-day] 'safe harbor' period begins to run only upon service of the motion.").  Failure to comply with these "carefully wrought" procedural requirements "disqualif[ies]" Rule 11 as a basis for sanctions.  Lamboy-Ortiz, 630 F.3d at 244.

Here, G&B did not serve its sanctions motion on McArdle under Rule 5 or afford him the 21-day safe harbor period required by Rule 11(c)(2).  The "safe harbor" letter that G&B sent McArdle cannot satisfy these requirements.  While parties are encouraged "to give informal notice . . . whether in person or by a telephone call or letter" before serving a Rule 11 motion, this informal notice is not a substitute for actual service of the motion.  Fed. R. Civ. P. 11(c)(2) advisory committee's note to 1993 amendment. Only service of the motion triggers the 21-day safe harbor period. Id. 11(c)(2).

## III.

For the foregoing reasons, McArdle's Rule 60(b) motion should have been granted.  We reverse and remand with instructions to vacate the Rule 11 sanctions against McArdle.