# United States Court of Appeals
## For the First Circuit

No. 21-1774

NICHOLAS L. TRIANTOS,

Plaintiff, Appellant,

v.

GUAETTA & BENSON, LLC; AUDREY G. BENSON; PETER V. GUAETTA; SARAH T. FITZPATRICK,

Defendants, Appellees,

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2004-HE4, Mortgage Pass-Through Certificates, Series 2004-HE4; SELECT PORTFOLIO SERVICING, INC.; COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA, N.A.; NEW CENTURY MORTGAGE CORPORATION,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Gelpí, Lynch, and Rikelman,
Circuit Judges.

Nicholas L. Triantos, pro se.

John F. Gallant, with whom Nancy A. Morency and Gallant & Ervin, LLC were on brief, for appellees.

January 30, 2024

**RIKELMAN**, <u>Circuit Judge</u>.    After Deutsche Bank National Trust Company foreclosed on and sold his home, Nicholas Triantos sued various parties, including the law firm that represented the bank in the foreclosure sale and three of its individual partners. The district court dispensed with the suit on a motion to dismiss, and we affirmed.    The law firm and its partners then moved for sanctions against Triantos under Federal Rule of Civil Procedure 11.    The district court granted the motion and ordered Triantos to pay $10,000 in attorneys' fees and $32.00 in costs.    Because the court imposed sanctions under Rule 11 without following the rule's procedural requirements, we reverse and vacate the order.

## I. BACKGROUND

In 2014, several years after Triantos defaulted on his mortgage, Deutsche Bank conducted a foreclosure sale of his property.    On February 17, 2017, Triantos filed suit in Massachusetts state court, alleging that Deutsche Bank had no authority to execute the sale because the mortgage had not been validly assigned to it.    Along with various mortgage lenders and servicers, Triantos named Guaetta & Benson, LLC ("G&B"), the law firm that handled the foreclosure sale on Deutsche Bank's behalf, and three of its partners as defendants.

Deutsche Bank removed the suit to federal court, where Triantos filed an amended complaint that contained eight causes of action under both state and federal law.    G&B then moved to dismiss

- 3 -

the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), as did the other defendants. The district court granted the motions and dismissed the case on September 21, 2017. Triantos appealed.

Two months later, G&B moved for sanctions against Triantos and his former state court lawyer, Michael McCardle. Although G&B filed separate motions under both Federal Rule of Civil Procedure 11 and its state law equivalent, the federal motion erroneously cited state procedural principles. The district court stayed these motions pending the outcome of the appeal on the merits. After we affirmed the district court's dismissal of the suit, G&B renewed its sanctions motions in 2020.

On September 15, 2021, the district court held a hearing on the renewed motions, at which Triantos appeared pro se. His former lawyer, McCardle, against whom G&B also moved for sanctions, did not attend the hearing and indeed had never made any appearance in the federal action. See Triantos v. Guaetta & Benson, LLC, 52 F.4th 440, 446 (1st Cir. 2022) ("Triantos I"). At the hearing, the court did not endeavor to determine whether Rule 11's procedural requirements had been met as to Triantos or McCardle. Instead, the court pressed Triantos to explain why his claims against G&B did not warrant sanctions. When Triantos attempted to explain why the claims in the complaint were sufficiently meritorious to escape sanctions, the court mistook his explanation

- 4 -

for an effort to relitigate the case and rejected the theory out of hand, suggesting that our decision to affirm the Rule 12(b)(6) dismissal foreclosed Triantos's argument. The court then entered a one-line docket entry granting $10,000 in attorneys' fees and $32.00 in costs as a sanction pursuant to Federal Rule 11. Triantos, again appearing pro se, now seeks review of this order.[1]

## II. DISCUSSION

### A. Rule 11

Rule 11(b) of the Federal Rules of Civil Procedure provides that, "[b]y presenting to the court a pleading, written motion, or other paper," an attorney or unrepresented party makes certain certifications. Fed. R. Civ. P. 11(b). For example, an attorney who files a complaint or motion warrants that "(1) it is not being presented for any improper purpose," and "(2) the claims, defenses, and other legal contentions [in the relevant filing] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(1)-(2).

To enforce compliance with Rule 11(b), courts may impose sanctions on parties who violate it. See Fed. R. Civ. P. 11(c)(1)

---

[1] After Triantos appealed the sanctions order, the district court ordered him to pay a $15,000 bond to cover the costs of appeal. In its brief, G&B urged us to dismiss this appeal because Triantos had not yet paid the bond. Because Triantos subsequently paid the bond, however, we do not address this argument.

("If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."). Sanctions may be initiated by the court or an opposing party's motion. Fed. R. Civ. P. 11(c)(2)-(3). Regardless of how the process starts, any "order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction." Fed. R. Civ. P. 11(c)(6) (emphasis added).

When a party moves for sanctions, it must follow certain additional procedural requirements. The motion "must be made separately from any other," and it "must be served [on the offending attorney or unrepresented party] under [Federal Rule of Civil Procedure] 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2) (emphasis added).

Together, these provisions provide a "safe harbor" for attorneys, law firms, or parties accused of sanctionable conduct by their opponent. See Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. As the plain language of the rule indicates, these requirements are mandatory rather than suggested. "[T]he object of the safe harbor is to allow a party to privately

withdraw a questionable contention without fear that the withdrawal will be viewed by the court as an admission of a Rule 11 violation." Young v. City of Providence ex rel. Napolitano, 404 F.3d 33, 39 (1st Cir. 2005). Accordingly, "a party seeking sanctions must follow a two-step process" in every case. Ridder v. City of Springfield, 109 F.3d 288, 294 (6th Cir. 1997). First, "[t]he party seeking sanctions must serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and [second,] sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 389 (4th Cir. 2004) (en banc) (emphasis added).

Because an attorney or unrepresented party must have the opportunity to "withdraw or correct a challenged submission" before their opponent can file a motion for sanctions with the court, the safe-harbor provisions necessarily limit when a party may move for sanctions. See In re Pennie & Edmonds LLP, 323 F.3d 86, 89 (2d Cir. 2003). Of critical importance here, once a court has evaluated and ruled on the challenged filing, the attorney or unrepresented party can no longer withdraw it. For this reason, "a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment.

Indeed, courts have held that Rule 11 sanctions cannot be sought in the precise circumstances of this case: after the court has dismissed the complaint.  See Barber v. Miller, 146 F.3d 707, 710-11 (9th Cir. 1998); see also Ridder, 109 F.3d at 297 (holding that party "g[ave] up the opportunity to receive an award of Rule 11 sanctions . . . by waiting to file the motion until after the entry of summary judgment"); Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 152 (4th Cir. 2002) ("[T]he 'safe harbor' provisions of Rule 11(c)(1)(A) preclude the serving and filing of any Rule 11 motion after conclusion of the case.").

## B. Reaching the Errors on Appeal

Before addressing the procedural errors below, we pause to explain our rationale for reaching them.  The only discussion by the parties of the procedural defects was at oral argument before us and in Rule 28(j) letters filed shortly thereafter.  Ordinarily, in this situation, we would consider Triantos's procedural objections to the sanctions order to be waived.  See Sparkle Hill, Inc. v. Interstate Mat Corp., 788 F.3d 25, 29-30 (1st Cir. 2015) (explaining that our "customary practice" is to deem arguments not raised in a party's opening brief waived).  However, we find that the particular circumstances of this case do not "require a robust application of waiver."  Id. at 29.

To begin, we view Triantos, a transactional lawyer without any litigation experience who is not a member of the

- 8 -

foreclosure bar, as functionally equivalent to a pro se litigant. And although "the right of self-representation is not 'a license not to comply with relevant rules of procedural and substantive law,'" Eagle Eye Fishing Corp. v. U.S. Dep't of Com., 20 F.3d 503, 506 (1st Cir. 1994) (citation omitted), we "endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects," Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000). Thus, we give Triantos some leeway in interpreting the scope of his arguments on appeal.

Next, our ordinary concern about allowing a litigant to "[s]andbag[]" the opposing party by raising new arguments outside of its opening brief is simply not implicated here. Sparkle Hill, 788 F.3d at 29. After Triantos raised his procedural objections at oral argument, he offered to submit a 28(j) letter on the issue. In its responsive 28(j) letter, G&B argued that it had complied with Rule 11's procedural requirements, although it did not cite any federal law supporting its position. Thus, G&B was not "deprive[d] . . . of an opportunity to respond in writing on the issue." See id.

Finally, we note that Triantos's recognition of the procedural errors was likely made possible by our decision in Triantos I, 52 F.4th 440, reversing the sanctions order against McCardle on procedural grounds. In the district court, G&B's motion for sanctions erroneously cited Massachusetts procedural

law, which may have started the entire process off on the wrong foot.[2]  Moreover, the district court did not mention Rule 11's procedural requirements at any point during the motion hearing or in its sanctions order.  This is therefore not a case where Triantos's opening brief on appeal failed to "challeng[e] express grounds upon which the district court prominently relied in entering judgment."  Sparkle Hill, 788 F.3d at 30.  Instead, neither G&B nor the district court recognized or grappled with Rule 11's procedural requirements at any point in this litigation. Under these unique circumstances, we find that Triantos did not waive his procedural arguments by failing to raise them in his opening brief.

## C. Plain Error Review

Although Triantos did not waive his procedural arguments on appeal, we must nonetheless consider the effect of his failure to raise such arguments in opposition to G&B's sanctions motion below.  When a party fails to raise an argument to the district court, we consider that argument forfeited and review only for plain error.  See Diaz-Seijo v. Fajardo-Vélez, 397 F.3d 53, 55 (1st Cir. 2005).  Although plain error is a demanding hurdle rarely

---

[2] In fact, based on state law, G&B suggested that a party may move for sanctions under Rule 11 only "[o]nce a defendant establishes that a complaint lacks merit and obtains summary judgment or dismissal of an action."  As we explained above, the precise opposite is true: Once an action is dismissed, a party may no longer move for sanctions under Rule 11.

cleared in civil cases, see Sparkle Hill, 788 F.3d at 30, we conclude that this is the unusual case in which reversing and vacating is warranted under this standard.[3]

To prevail on plain error review, a litigant must show that "(1) an error occurred (2) which was clear or obvious and which not only (3) affected the [appellant's] substantial rights, but also (4) seriously impaired the fairness, integrity or public reputation of the judicial proceedings." Id. (citation omitted). This case easily satisfies the first two criteria because Rule 11 imposes mandatory procedural requirements that must be met before a party may move for sanctions and before a district court may impose any sanctions; none of those requirements was met here. It also satisfies the third criterion. An error affects a party's substantial rights if it "affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 734 (1993). The procedural errors affected Triantos's substantial

---

[3] Further, our decision here is not inconsistent with Nyer v. Winterthur International, 290 F.3d 456 (1st Cir. 2002). In Nyer, we upheld a well-reasoned sanctions order against plaintiffs' lead trial counsel after declining to consider his belatedly raised arguments based on Rule 11's safe-harbor requirements. Id. at 460-62. In that case, like here, Nyer had failed to raise his safe-harbor argument to the district court. Id. at 460. We concluded that no "excusatory circumstances" were present and thus declined to review Nyer's new arguments under any standard on appeal. Id. (quoting Corrada Betances v. Sea-Land Serv., Inc., 248 F.3d 40, 44 (1st Cir. 2001)). By contrast, for the reasons we have explained, the facts here do present "excusatory circumstances" justifying plain error review of Triantos's procedural arguments.

rights here "because [he] was subjected to Rule 11 sanctions that the district court was not empowered to impose." Brickwood, 369 F.3d at 396.

As for the fourth criterion, we conclude that the "interests of justice would best be served" by remedying the procedural failures in this case, in part because leaving the district court's errors uncorrected would frustrate the "important goals" embodied in Rule 11. Id. at 398-99. The 1993 amendments to Rule 11, which introduced the safe-harbor provisions, were intended to "reduce Rule 11's volume, formalize appropriate due process considerations of sanctions litigation, and diminish the rule's chilling effect." Ridder, 109 F.3d at 294; see also Brickwood, 369 F.3d at 397. Allowing the sanctions order against Triantos to stand when G&B did not even "attempt to comply with the requirements of the safe-harbor provisions," and the district court did not cite or grapple with these requirements, would undermine these objectives. Brickwood, 369 F.3d at 398. Further, Triantos's pro se status, combined with the district court's and G&B's inattention to Rule 11's procedural requirements, leads us to conclude that it would "be unjust for [Triantos] to bear the full weight of the consequences of an unfamiliarity shared by all involved." Id. Thus, although Triantos forfeited his procedural

arguments by failing to raise them to the district court, we turn to them now and reverse based on plain error.[4]

## D. Procedural Errors Below

We conclude that a string of procedural errors, both by G&B and the district court, require reversing the sanctions order here. First, G&B served its motion on Triantos only <u>after</u> the district court had dismissed the case. That is simply too late under Rule 11 because, by that point, Triantos could no longer withdraw the objectionable complaint. By waiting to serve its sanctions motion until the district court had resolved the case, G&B "g[ave] up the opportunity to receive Rule 11 sanctions." <u>Ridder</u>, 109 F.3d at 297.

Second, regardless of the first error, G&B also failed to comply with Rule 11's safe-harbor requirements. Despite G&B's representations to the contrary at oral argument before us, the record makes clear that G&B did not serve the motion for sanctions upon Triantos at least twenty-one days prior to filing it with the district court. Instead, G&B filed the motion on the docket and merely certified that Triantos "[was] being served under the

---

[4] We emphasize that our decision today, based on the unique facts here and the mandatory procedural requirements of Rule 11, should not be interpreted as carte blanche for pro se parties to abdicate their responsibility to properly preserve arguments by raising them in the first instance to the district court and then arguing those issues in their opening brief before us. And we trust that our opinion will be helpful in highlighting for all parties the mandatory nature of Rule 11's procedural requirements.

Court's ECF Certificate of Service filing system." This certification, of course, does not suffice to satisfy Rule 11. Under the rule, G&B was required to serve its motion upon Triantos at least three weeks before it filed it with the court, not at the same time. G&B also attached a letter to its motion in which it had advised Triantos and McCardle that it planned to pursue sanctions if Triantos did not withdraw the complaint. But this letter could not have triggered the safe-harbor period. As we already explained when we rejected this exact same argument in our decision reversing the sanctions order against McCardle, "informal notice is not a substitute" for service of the actual motion. Triantos I, 52 F.4th at 447.

Rule 11 "sets forth inflexible rules governing the circumstances under which Rule 11 sanctions may be sought and granted." Brickwood, 369 F.3d at 394; see also Lamboy-Ortiz v. Ortiz-Vélez, 630 F.3d 228, 244-45 (1st Cir. 2010) (reversing sanctions order because the moving party's failure to comply with Rule 11's mandatory requirements "disqualif[ied] Rule 11 as a basis" for the district court's decision). The district court therefore committed reversible procedural error by granting G&B's motion despite G&B's failure to comply with the rule's requirements.

Finally, the district court overlooked its own Rule 11 duties. The district court's sanctions order consisted of a

one-line docket entry "awarding attorneys' fees in the amount of $10,000 and fees in the amount of $32.00."  This order does not "describe the sanctioned conduct and explain the basis for the sanction," as is required by the rule's clear mandate.  Fed. R. Civ. P. 11(c)(6).  Such deficiencies make it difficult for us to conduct meaningful appellate review.  G&B's underlying motion advanced various theories for why Triantos should be sanctioned keyed to different counts in the complaint.  Without an adequate explanation from the district court, we cannot discern which of Triantos's causes of action it found sanctionable or why.

At oral argument, G&B suggested that we can and should infer the district court's reasoning from the totality of the record, including the complaint and the court's comments at the motion hearing.  We decline to do so for two reasons.  First, we are required to interpret Rule 11 according to its plain meaning, see Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 391 (1990), and subsection (c)(6) explicitly requires that any sanctions order imposed under Rule 11 include a description of the offending conduct and an explanation for the sanction.  Fed. R. Civ. P. 11(c)(6).  Second, this procedural requirement serves the important purposes of "promot[ing] the rational exercise of trial court discretion in the utilization of Rule 11 and . . . facilitat[ing] effective appellate review."  5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure

§ 1337.3 (4th ed. 2023). Thus, we will not "comb through the accusing parties' pleadings and briefs filed in the district court and the transcript of . . . oral argument . . . in order to locate . . . facts that might constitute sufficient grounds for the imposition of Rule 11 sanctions." Shirvell v. Gordon, 602 F. App'x 601, 606 (6th Cir. 2015) (first and second alterations in original) (quoting Elsman v. Standard Fed. Bank, 46 F. App'x 792, 801 (6th Cir. 2002)). Instead, the onus falls upon the party moving for sanctions, and the district court, to ensure that any sanctions order adequately explains its basis.

### III. CONCLUSION

The district court plainly erred by granting G&B's sanctions motion when (1) G&B served its motion on Triantos long after the district court already had dismissed the offending complaint, and (2) in any event, G&B had not met its obligation under Rule 11's safe-harbor provisions to serve the motion on Triantos twenty-one days prior to filing it with the court. The district court also erred by imposing sanctions without describing in its order the sanctionable conduct or explaining the basis for its decision.

Accordingly, we **reverse** and **vacate** the order.